### WALLACH v. WALLACH et al.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

1. WILLS (§ 698*)—ACTION TO CONSTRUE—JURISDICTION.

Though the Supreme Court has jurisdiction to construe a will, it will decline to assume jurisdiction of an action to construe a will in respect to a mere administrative matter proper for the determination of the Surrogate's Court, there being no question as to the validity of a trust created by the will, or as to the persons to whom the property is devised or bequeathed; Code Civ. Proc. § 1866, providing that the validity of certain testamentary dispositions may be determined in the same way as the validity of deeds is determined, having reference only to dispositions of real property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1676; Dec. Dig. § 698.*]

2. WILLS (§ 707*)—ACTION TO CONSTRUE WILL—COSTS.

Where an executor of a will improperly brought an action against his coexecutors and trustees and others interested in the estate, for its construction, in the Supreme Court, but asked for no money judgment, and there was no sum of money involved in the determination, an allowance of attorney's fees to the defendant executors was improper, though the fees of guardians ad litem for infant defendants were properly allowed against the plaintiff.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1684–1686; Dec. Dig. § 707.*]

Dowling and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Sidney Wallach, individually and as executor of the estate of Karl M. Wallach, deceased, against Breinshen Wallach, individually and as executor of the estate of Karl M. Wallach, deceased, and others. From a judgment for defendants, plaintiff appeals. Modified and affirmed.

See, also, 128 N. Y. Supp. 1149.

The following is the opinion of Greenbaum, J., at the Special Term:

This action is brought to construe the following provision of the will of Karl M. Wallach, deceased: "I direct that my son, Sidney, shall be employed also as sole attorney and counsel for said executors and trustees in the settlement and management of my estate, and that he shall receive out of the income of my estate the sum of two thousand dollars ($2,000) per year for his services as said attorney and counsel." The plaintiff contends that the executors are obligated to employ him as the attorney and counsel of the estate, that he is entitled to have the general management of the estate, and that he is, under all circumstances entitled to an annual compensation from the income of the estate as long as he is ready and willing to act as attorney and counsel.

I cannot approve of any of these contentions. I am in complete accord with the obiter expressions in the opinion in Matter of Caldwell, 188 N. Y. 115, at page 121, 80 N. E. 663, at page 664, which declares that "the law of the state does not recognize any testamentary power to control executors in the choice of the attorneys or counsel who shall act for them in their representative capacity. They may incur a personal liability for the conduct of their lawyers, and hence they are beyond the control of their testator in making the selection. Such a provision, therefore, as this will contains, with reference to the attorneys to be employed, is to be regarded merely as expression of a wish on the part of the testator, which it is most proper for the executors to observe, if it accord with their own judgment, but which, otherwise, they are not bound to regard." In other jurisdictions the question has been squarely passed upon adversely to plaintiff's claim. In re Ogier, 101 Cal. 381, 35 Pac. 900, 40 Am. St. Rep. 61; Young v. Alexander, 16 Lea (Tenn.) 108; Foster v. Elsley, L. R. 19 Ch. Div. 518. The cases relied upon by the plaintiff merely hold that the provision directing that Sidney Wallach shall receive $2,000 out of the income 'of the estate for his services as attorney and counsel would be justification for the executors to make this payment in case he had been employed as attorney and counsel, notwithstanding that he was one of the executors of the will, who would not have been ordinarily entitled in his capacity as executor to such compensation.

As to the question of plaintiff's right to manage the estate, it may be said that such a construction would not only do violence to the provisions of the will, which expressly appoint others in addition to plaintiff as executors, whose duties necessarily would be to manage the estate, and who are charged with the responsibility for its proper management, but the plain language of the will is that Sidney Wallach was to be employed as counsel and attorney "in the settlement and management of the estate," clearly referring to the peculiar services of attorney and counsel, in contradistinction from the ordinary services required of an executor.

With respect to the remaining point that the plaintiff is in any event entitled to $2,000 yearly compensation, it may be said that the will expressly limits this compensation for "his services as said attorney and counsel." If the executors are not obliged to employ him as attorney and counsel, it follows that he is not entitled to the compensation, unless he is employed.

A decree may be entered in accordance with the foregoing views.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Alfred G. Reeves, for appellant.

Achilles H. Kohn and Benjamin F. Wollman, for respondents.

INGRAHAM, P. J. This action was brought by the plaintiff, an executor and trustee under the last will and testament of Karl M. Wallach, deceased, against his coexecutors and trustees and those interested in the estate. The complaint alleges that the testator died on the 15th of November, 1909, leaving a last will and testament, a copy of which is annexed to the complaint, which will was duly admitted to probate by the surrogate of New York county. The testator had been married three times. He left, him surviving, his widow and children by each of his three marriages. The plaintiff was a son of the testator, and was 22 years of age at the time of the testator's death.

After certain specific legacies, the will gave to his executors and trustees $50,000, in trust for his wife during her life, and upon her death or remarriage this sum of $50,000 was to become part of his residuary estate. All the rest, residue, and remainder of his property he gave, devised, and bequeathed to his executors, in trust for the benefit of his children. The will appointed his wife, the plaintiff, and a son-in-law executors and trustees, provided, however, that they acted without compensation for their services as such executors and trustees, with the following direction:

"I direct that my said son Sidney shall be employed also as sole attorney and counsel for said executors and trustees in the settlement and management of my estate and that he shall receive out of the income of my estate the sum of two thousand dollars per year for his services as said attorney and counsel."

The action was brought by the testator's son Sidney, who was named in this clause of the will as the one to be employed as sole attorney and counsel for the executors and trustees, and demanded judgment for a judicial construction of the will, to the end that it might be adjudged and determined whether or not the said provisions of the said nineteenth clause or paragraph of said will gives all the executors and trustees then appointed an equal right in the settlement and management of said estate, or whether the said defendants, executors and trustees, should be compelled to employ the plaintiff as the sole manager thereof, as the active executor and trustee, and continue the said services of the plaintiff as intended by the testator, and also whether, under that clause of the will, it was necessary to continue the said business of the deceased for the proper preservation of the assets of the said estate under the management of the plaintiff or otherwise; that the defendants executors and trustees be enjoined and restrained from employing any agents or counsel, other than the plaintiff, for the purpose of settling and managing the property interests of said estate in and about the business of the said decedent, or from interfering, directly or indirectly, with the plaintiff in and about the settlement and management of the business and the property interests of the said estate; and for other and further relief.

The court found that the plaintiff was admitted to practice as an attorney and counselor at law in the state of New York in the month

of June, 1910, and became 23 years of age in November, 1910; that the plaintiff was ready and willing to perform the services of attorney and counsel to the estate, but the other executors refused to employ him, and the plaintiff has demanded payment at the rate of $2,000 per year from the other executors, which they have refused to pay; that the executors and trustees of the estate, other than the plaintiff, instituted a proceeding in the Surrogate's Court for direction with reference to the custody and control of the property and assets of the estate, and claimed that they were entitled to a joint control with the plaintiff herein of the property and assets of the estate; that plaintiff was a party to that proceeding; that the surrogate of New York county determined said controversy upon the merits, and by decree duly entered granted to the plaintiff and to the said defendants joint control of all the property and assets of said estate, which decree was affirmed on appeal to this court—and, as conclusions of law, that under the terms of the will of the deceased the plaintiff was not entitled to have the sole or general control or management of the estate; that the provisions of the will in relation to the plaintiff's connection with the estate as attorney and counsel should be regarded merely as an expression of a wish on the part of the testator, which the executors and trustees may observe if in accord with their own judgment, but which they were not bound to regard; that under the terms of the will plaintiff had no authority to act as attorney and counsel for the said estate, or for the executors and trustees, in the settlement and management thereof; that plaintiff had no authority to represent any one of the executors and trustees as attorney and counsel, until he is employed by such executors or trustees; that under the terms of the will plaintiff was not entitled to receive the annual compensation of $2,000 per year, or any part thereof; and that the defendants recover from the plaintiff the costs of the action, with an extra allowance of $750, in favor of his coexecutors and trustees, and an extra allowance of $250 to the guardians ad litem. Judgment was entered in accordance with this decision, awarding to the defendants executors, against the plaintiff, $811.50 for costs and allowance, and to the guardians ad litem $307.25 costs and allowance. From that judgment the plaintiff appeals.

[1] I can see no reason for the Supreme Court entertaining this action. The questions presented relate solely to the ordinary administration of the estate, which is under the control of the surrogate, and to be determined by him from time to time as the questions arise. There is no question as to the validity of the trust contained in the will; no question as to the parties to whom either the corpus of the estate or the income was payable; and the question as to whether the plaintiff was entitled to the sole control of the estate, or whether that was vested in all the executors, had been determined by the Surrogate's Court in a proceeding to which the plaintiff was a party. The only question remaining was whether the plaintiff was entitled to be employed by the estate as its attorney and counselor at law in the settlement and management of the estate, and to the payment of $2,000 per year from the estate. Such questions were purely questions of administration, which were for the surrogate. Such an action is cer-

tainly not covered by section 1866 of the Code of Civil Procedure, which only relates to a testamentary disposition of real property. The question of the power of a court of equity to entertain actions for the construction of a will was discussed in Tonnele v. Wetmore, 195 N. Y. 436, 88 N. E. 1068. It was there said:

"The Supreme Court has full and unlimited power in law and equity. In the exercise of its equitable power, many rules have been established for the protection of the parties and the court. The court will not sit in equity to determine academic questions, or simply to advise parties, where real interests and questions are not involved. * * * There is a wide distinction between an entire lack of jurisdiction and power to determine a specified controversy, and a question of propriety as to whether the power vested in the court shall be exercised."

Assuming that the court had jurisdiction to construe this clause of the will, no reason is suggested why the court should exercise such jurisdiction, as the whole question merely relates to the administration of the estate and the right of the plaintiff to a certain sum of money, which the will directed should be paid to him, and is, as before stated, a question that should be determined by the surrogate upon the accounting of the executors or trustees, of which the plaintiff is one. We do not express an opinion on the other questions on this appeal.

[2] I think, therefore, the judgment as entered should be modified, by striking out all of the provisions except the dismissal of the complaint, without costs on this appeal. I also think the court below was without power to grant to the defendant's attorney an extra allowance. Plaintiff asked for no money judgment, there was no sum of money involved in the determination of the court, and there was nothing upon which an allowance could be predicated. I think the court, therefore, was without power to make an allowance in addition to costs to any of the defendants, except the guardian ad litem, who represented the infant defendants.

McLAUGHLIN and SCOTT, JJ., concur.

DOWLING, J. I dissent from the modification of the judgment herein, and am for affirmance thereof, upon the grounds set forth in the opinion of Mr. Justice Greenbaum at Special Term.

CLARKE, J., concurs.