M. B. YOUNG v. JAMES ALEXANDER, Executor.

POWER OF TESTATOR TO APPOINT COUNSEL FOR HIS EXECUTOR. A provision in a will which nominates and selects counsel to assist the executor in the administration and settlement of the estate, is not binding upon the executor, and he may ignore such a provision and appoint other counsel at his discretion.

FROM SUMNER.

Appeal from the Chancery Court at Gallatin.    GEO. E. SEAY, Ch.

MURRAY, MORGAN & BUTLER and HEAD BROS. for complainant.

JNO. J. VERTREES for defendant.

COOKE, J., delivered the opinion of the court.

William Young died testate, in 1880. His will was duly admitted to probate, and respondent qualified as executor and entered upon the duties of the trust.

He left a large and valuable estate, and by the eighth clause of his will, he provided as follows: "I hereby nominate and appoint my nephew, M. B. Young, of Jackson county, Tennessee, as advisory and counsel of my said executors, who will assist them in winding up my unfinished and unsettled business." The respondent refused to recognize or employ said M. B. Young as counsel in the administration of said

estate, whereupon he filed this bill seeking to compel him to recognize him as his legal adviser and counsel, and to give him all the legal business of said estate that required the services of an attorney, and to enjoin him from employing any other attorney or counsel, except himself, and from paying them for any services out of the effects of said estate, to have said eighth clause of said will construed, and to have the respondent removed as executor unless he obeyed the provisions of said clause by recognizing him as the sole legal counselor and attorney of said estate, and giving him all the legal business of the same.

The bill was dismissed upon demurrer, and the complainant appealed. There were several causes of demurrer assigned, but the only ones that go to the entire bill, are: First, That the will does not absolutely constitute the complainant counsel and attorney for respondent, but said clause is merely advisory, but if it does it is not exclusive; and second, That said testator did not and could not nominate and select legal counsel for respondent as executor so as to bind him.

The question here raised and necessary to be considered, is the executor bound by the above provision of the will to accept the complainant as his only counsel in the administration of the estate, or has he the right to select and employ counsel for himself in the execution of said trust, notwithstanding said provision? Or, in the language of the demurrer, could the testator nominate and select legal counsel for the executor so as to bind him? We have not been re-

ferred to any adjudication of this or any similar question, and it is conceded there is none to be found. Hence, we must determine it upon general principles of law. There is no such office or position as "advisory and counsel" to an executor or administrator constituted or required by law. He is permitted, in the course of his administration, to employ such legal counsel as may become necessary, and their reasonable fees for such services will be allowed and repaid to him out of the estate, but he may or may not employ counsel at his discretion; it is for his own protection, and he becomes himself personally liable, in the first *instance,* to them for their fees: 3 Williams on Executors, 1860, and Note K. He is liable to the parties who take under the will for a proper administration of the estate, and ordinarily the advice of counsel will not protect him in the mismanagement of the trust: 4 Lea, 391; 2 Perry on Trusts, sec. 927. We are of opinion, therefore, in view of his personal liability for the proper management and conduct of the administration, and the advice and assistance of counsel being for his own protection, and he being himself liable to them for their compensation, he has a right to select and employ his own counsel. And, however persuasive such a provision may or might be, it can only be effective as an advisory provision.

If, however, said clause were taken as a bequest to the complainant of a right to earn compensation by rendering legal services to the executor, his remedy would not be by injunction to compel the acceptance

of his services, or to suspend the administration of the estate, but would be for the recovery of the value of such reasonable services as he might show had been necessary to be performed for the benefit of the estate, and his tender of his services, and the refusal, etc., by the respondent. The bill is not framed for, nor does it contain any allegations sufficient to entitle it to be maintained for that purpose. But, as before stated, we think no such right exists.

There are no sufficient grounds stated or averred in the bill to require or authorize the removal of the executor, nor has the complainant any such interest in the estate as would entitle him to maintain it for that purpose if there were. The Referees have reported that the decree of the chancellor dismissing the bill should be affirmed with costs, and we concur in their conclusion. The exceptions to the report will be disallowed, the report confirmed, and the bill dismissed with costs.