[No. 19332.    Department Two—February 24, 1894.]

IN THE MATTER OF THE ESTATE OF ANNA OGIER, DECEASED.

WILL—SELECTION OF ATTORNEY BY TESTATOR—POWER OF EXECUTRIX.—A provision in a will selecting an attorney named therein as attorney of the estate of the testator, and directing the executrix to consult and employ him in all matters pertaining to the distribution of the estate and the requirements of the will, does not constitute a selection of an attorney which is binding upon the executrix, but is simply an advisory provision which she may disregard if she chooses to do so, by the employment of other attorneys.

ID.—CONSTRUCTION OF WILL—COEXECUTORS.—The direction in the will to the executrix to consult and employ the attorney named therein in all matters pertaining to the distribution of the estate does not entitle the

attorney to be appointed as coexecutor with the executrix, it appearing from the whole tenor of the will that the intention of the testatrix was simply to make him the attorney and counselor of the executrix, and not to commit to him the administration of the estate.

APPEAL from an order of the Superior Court of Los Angeles County denying a petition for joint letters testamentary, and that the petitioner be entered as the attorney of record for the estate of a deceased person.

The facts are stated in the opinion.

*John W. Mitchell*, in pro. per., and *Wellborn & Hutton*, for Appellants.

The court erred in refusing to direct letters testamentary to be issued to appellant as coexecutor, as there was a clear constructive appointment. (Civ. Code, sec. 1371; Black's Law Dictionary, p. 456; 3 Redfern on Wills, 70, 71; *Powell* v. *Stratford*, cited in 3 Phillim. 118; *Hartnett* v. *Wandell*, 60 N. Y. 346; 19 Am. Rep. 195; *Lynch* v. *Bellew*, 3 Phillim. 424; Schouler's Executors, sec. 39; 1 Williams on Executors, 245; Crosswell on Executors, sec. 105 et seq.)

*Graves, O'Melveny & Shankland*, and *Chapman & Hendrick*, for Respondent.

Appellant is not entitled to be recognized as the attorney for the estate. (*Estate of Nicholas Luning*, Coffey's Probate Rep.; *Foster* v. *Elsley*, L. R. 19 Ch. Div. 518; *Young* v. *Alexander*, 16 Lea, 108.) The appellant is not entitled to the position of coexecutor under a proper construction of the will. The fact that he was named as an advisor renders him incompetent to act as executor. (Schouler on Executors, sec. 39; 1 Williams on Executors, 224.)

BELCHER, C.—Anna Ogier died on the sixteenth day of March, 1893, in the county of Los Angeles, leaving an estate therein consisting of real and personal property of the value of more than sixty thousand dollars,

and also leaving a duly executed last will and testament which contained, among others, the following provisions:

"27. I appoint the said Mrs. J. de Barth Shorb the executrix of this my last will, and direct that she may be exempt from giving bonds as such, but charge her faithfully to see that my estate is distributed as herein directed. If she should die or be unable to act, then I appoint John M. Elliott my executor with the same conditions.

"28. I hereby select as the attorney of my estate John W. Mitchell, and direct my executrix to consult and employ him in all matters pertaining to the distribution of my estate, and the requirements of this my last will.

"29. If my said executrix and my said attorney deem it advantageous to my estate and those interested therein as legatees and devisees not to sell my real property, other than sufficient to pay my just debts, immediately after my demise, then I desire the sale of my property for the purpose of paying legacies, delayed to such time, not exceeding two years after my demise, as my executrix and my said attorney may mutually agree. And my said executrix is hereby authorized to sell any and all of my said real property at public or private sale and at such price and upon such terms as she and my said attorney may deem advantageous and to the best interest of my estate. And if my said executrix and my said attorney deem it advisable my executrix may sell my real property for part cash and part deferred payments, secured by mortgage on the property so sold. And in that event there shall be distributed *pro rata* to the devisees named herein the cash so received, and at the time it be received. *Provided, however,* that such sales shall be made so that my estate can be finally closed and distributed within three years after my demise, if it be possible to do so without detriment to any interest involved."

On March 24th the said will was filed in the superior court of Los Angeles county, accompanied by a petition of Mrs. Shorb, who was named as executrix, asking that

the will be admitted to probate, and that she be appointed executrix thereof. The petition was signed by the petitioner, and by Graves, O'Melveny, and Shankland, as her attorneys.

On April 5th John W. Mitchell filed a petition alleging that he was interested in the said estate, being named in the will as attorney in the administration thereof, and according to its tenor coexecutor thereunder, and praying that said will be admitted to probate, and that joint letters testamentary be issued to Mrs. Shorb and himself, and that he, the petitioner, be declared to be and be entered as the attorney of record for said estate in the matter of the administration thereof in lieu of and in place and stead of said. Graves, O'Melveny and Shankland. To this petition Mrs. Shorb filed an answer, denying that Mitchell was interested in the said estate, or was named in the will according to its tenor as coexecutor thereof, admitting that she had employed Messrs Graves, O'Melveny and Shankland as her attorneys to present the said will for probate, but denying that this was done in disregard of the terms or directions of the will, or in disregard of the rights of Mitchell, and praying that the petition of Mitchell be denied.

The two petitions were heard together, and on May 12th the court filed its findings of fact and conclusions of law, and entered its order admitting the will to probate, and appointing Mrs. Shorb executrix thereof, and denying the petition of Mitchell.

From this order denying his petition Mitchell appeals.

The first question presented is: Was appellant entitled to be entered and recognized as the attorney of record for said estate in the place of the attorneys employed by Mrs. Shorb ?

No cases are cited in support of appellant's contention in this regard, and it is admitted that none can be found; but it is said that " since it was the declared will of the testatrix that appellant should act as the attorney of her

estate, it is both reasonable and just that the will should be observed in this as well as in other respects."

There is no such office or position known to the law as "Attorney of an Estate." When an attorney is employed to render services in procuring the admission of a will to probate, or in settling the estate, he acts as the attorney of the executor, and not of the estate, and for his services the executor is personally responsible. Every executor and administrator is chargeable in his account with the whole of the estate of the decedent which may come into his possession (Code Civ. Proc., sec. 1612), and while in the settlement of his account he will be allowed all necessary expenses in the care, management, and settlement of the estate, including reasonable fees paid to attorneys for conducting the necessary proceedings or suits in courts (Code Civ. Proc., sec. 1616), still such allowance can be made only to him, and not to the attorney. (*Henry* v. *Superior Court*, 93 Cal. 569.) And if the attorney employed should be derelict in his duty, and should receive and misappropriate funds of the estate, the executor would be liable therefor to the legatees under the will. This being so, it would seem to be neither reasonable nor right to hold that the executor of a will must necessarily accept the services of an attorney selected by the testator. Our conclusion, therefore, is that the language employed by Mrs. Ogier: "I hereby select as the attorney of my estate John W. Mitchell, and direct my executrix to consult and employ him in all matters pertaining to the distribution of my estate and the requirements of this my last will," did not constitute a selection which was binding on the executrix, but was simply an advisory provision which she could disregard if she chose to do so.

In *Young* v. *Alexander*, 16 Lea, 108, the will under review contained the following clause: "I hereby nominate and appoint my nephew, M. B. Young, of Jackson county, Tennessee, as advisory and counsel of my said executors, who will assist them in winding up my unfinished and unsettled business." The executor refused

CI. CAL.—25

to recognize or employ Young as counsel in the administration of the estate, whereupon he instituted the suit to compel such recognition and employment. The supreme court said that " however persuasive such a provision may or might be, it can only be effective as an advisory provision"; and it was held that the provision was not binding upon the executor, and that he might ignore it and appoint other counsel at his discretion.

In *Foster* v. *Elsley*, L. R. 19 Ch. Div. 518, the will under review contained the following clause:

"And I declare that my solicitor, William Edward Foster, shall be the solicitor to my estate and to my said trustees in the management and carrying out the provisions of this my will."

It was claimed that this clause imposed on the trustees the duty of employing Foster as their solicitor; but it was held that it imposed no such trust or duty.

The second and only other question presented is: Did the court err in refusing to direct letters testamentary to be issued to appellant as coexecutor with Mrs. Shorb?

The contention that appellant was entitled to have letters so issued is based upon section 1371 of the Civil Code, which provides:

"Where it appears by the terms of a will that it was the intention of the testator to commit the execution thereof and the administration of his estate to any person as executor, such person, although not named executor, is entitled to letters testamentary in like manner as if he had been named executor."

Does the will show that it was the intention of Mrs. Ogier to commit to appellant the execution of her will and the administration of her estate? To this question there can be, in our opinion, but one answer, and that must be in the negative. The only paragraphs of the will relating to the matter are those above quoted. The twenty-seventh paragraph appoints Mrs. Shorb executrix, and charges her " faithfully to see that my estate is distributed as herein directed." The twenty-eighth paragraph selects appellant as the attorney for the estate and

directs the executrix to consult and employ him in all matters pertaining thereto. And the twenty-ninth paragraph speaks of "my said executrix" and "my said attorney" and directs what "my said executrix" may do, if she and "my said attorney" deem it advantageous and advisable. By these paragraphs no power to act as executor is given to appellant, and it seems evident that the intention of the testatrix was simply to make him the attorney and counselor of the executrix, and not to commit to him the administration of the estate.

The order appealed from should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.