---

(164 App. Div. 600)

### In re WALLACH. (No. 6480.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 91\*)—ATTORNEY FOR EXECUTOR—DESIGNATION BY WILL—BINDING EFFECT.

A direction in a will that testator's son shall act as sole attorney for the executors does not obligate the executors to employ or recognize the son as their attorney, or as attorney for the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 397, 398, 400–402; Dec. Dig. § 91.\*]

2. EXECUTORS AND ADMINISTRATORS (§ 91\*)—MANAGEMENT OF ESTATE—CONSTRUCTION OF WILL—DESIGNATION OF ATTORNEY—GIFT.

A provision of a will that testator's son should be paid $2,000 per annum for his services as attorney for the executors did not entitle the son to such amount as an absolute gift, where the executors refused to employ him as their attorney.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 397, 398, 400–402; Dec. Dig. § 91.\*]

3. EXECUTORS AND ADMINISTRATORS (§ 494\*)—COMPENSATION OF EXECUTOR—PERFORMANCE OF SERVICES AS ATTORNEY.

An executor is not entitled to compensation for legal services performed for the estate under an employment by himself as attorney for the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2084–2087; Dec. Dig. § 494.\*]

Ingraham, P. J., dissenting.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Surrogate's Court, New York County.

In the matter of Karl M. Wallach, deceased. From the decree of the Surrogate's Court, affirming the referee's report, an appeal has been taken. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

A. G. Reeves, of New York City, for appellant.

Achilles H. Kohn and Benjamin F. Wollman, both of New York City, for respondent.

F. W. Sperling, of New York City, special guardian.

DOWLING, J. The question involved in this appeal was heretofore before this court, upon the construction of the decedent's will, in Wallach v. Wallach, 144 App. Div. 19, 128 N. Y. Supp. 1020. A majority of this court concurred in a modification of the judgment therein, by striking out all of the provisions whereby the clauses of the will were construed bearing upon the employment of the decedent's son as sole attorney and counsel for the executors and trustees of the estate. A minority dissented, and voted for affirmance upon the grounds set forth in the opinion of the court at Special Term. That opinion appears in 128 N. Y. Supp. 1021.

[1] The questions presented by this appeal are substantially the same as those heretofore argued. In his will the decedent provided:

"Nineteenth.—I hereby nominate, constitute and appoint my said wife, Breinchen, my daughter Dina, my son Sidney, and my son-in-law Milton M. Dryfoos executors and trustees under this my last will and testament. Provided, however, that they act without compensation for their services as such executors and trustees; and in case either of them shall refuse to act on said condition, I appoint only such of them executors and trustees as shall consent to act without pay. I direct that my said son, Sidney, shall be employed also as sole attorney and counsel for said executors and trustees in the settlement and management of my estate, and that he shall receive, out of the income of my estate, the sum of two thousand dollars ($2,000) per year for his services as said attorney and counsel."

It is the contention of the appellant that the decedent had the right to select his son as the sole attorney and counsel for the executors and trustees, and that they cannot refuse to recognize him in that capacity. In the Matter of Caldwell, 188 N. Y. 115, 80 N. E. 663, a will was before the court wherein the testator assumed to appoint the attorneys for his estate upon proceedings to probate the decedent's will, as well as upon all other matters wherein his executors should require legal services or advice in the settlement of his estate. Bartlett, J., said in 188 N. Y. at page 121, 80 N. E. at page 664:

"The law of this state does not recognize any testamentary power to control executors in the choice of the attorneys or counsel who shall act for them in their representative capacity. They may incur a personal liability for the conduct of their lawyers, and hence they are beyond the control of their testator in making the selection. Such a provision, therefore, as this will contains, in reference to the attorneys to be employed, is to be regarded merely as expressive of a wish on the part of the testator, which it is most proper for the executors to observe if it accords with their own judgment, but which otherwise they are not bound to regard."

To the same effect are the decisions. In re Ogier, 101 Cal. 381, 35 Pac. 900, 40 Am. St. Rep. 61; In re Pickett's Will, 49 Or. 127, 89

Pac. 377; Young v. Alexander, 84 Tenn. (16 Lea) 108; Foster v. Elsley, L. R. 19 Ch. Div. 518. So strongly is this the trend of the authorities, even though there are some to the contrary, that the rule is laid down in Amer. & Eng. Enc. of Law (2d Ed.) vol. 11, page 1241, that:

"The right of the executor to select the attorney whom he would employ in the affairs of the estate cannot be controlled, even by the will of the decedent."

And when one considers the necessarily confidential relationship which prevails between the attorney and his client, the reason for the refusal to allow the testator to control the designation of the attorney, who shall represent the executor and subject him to liability of many kinds, becomes apparent. As was said in Re Paschal, 10 Wall. 496, 19 L. Ed. 992:

"The relations between counsel and client are of a very delicate and confidential character, and unless the utmost confidence prevails between them the client's interests must necessarily suffer."

So far has this recognition of the special character of attorney and client been carried that the courts have recognized the right of the client to substitute another attorney and terminate their relationship under conditions which would not justify the termination of an ordinary contract. Matter of Dunn, 205 N. Y. 398, 98 N. E. 914, Ann. Cas. 1913E, 536.

We are of the opinion, therefore, that the provision of the testator's will did not obligate his executors to employ or recognize his son as their attorney, or as the attorney for the estate.

[2] Nor do we believe that the paragraph quoted of the decedent's will can be construed as an absolute gift to him of $2,000 per annum out of the income of the estate, for the language of the will shows clearly that such amount was to be received only as payment for the legal services which the testator believed his son would be called upon to render to the estate. Its purpose plainly was to limit the amount of legal expenses to which his estate would be subjected, and while he desired his son to receive that amount in compensation for his services, it was clearly not a gift, but in consideration of services to be performed. As the services have not been performed, and the executors decline to allow him to perform them, the consideration for the payment ceased, and the payment falls with it.

[3] The appellant now claims that inasmuch as he performed legal services under an employment by himself, as executor and trustee, of himself as attorney, he is entitled to compensation; but we think this position is untenable. In Parker v. Day, 155 N. Y. 383, 49 N. E. 1046, the court quoted with approval from Perry on Trusts, § 432, as follows:

"The rule that trustees can make no profit out of the estate is carried so far in England that they can receive no compensation for their services. In the United States trustees are entitled to reasonable compensation. Both in England and the United States a trustee can receive no indirect profit from the estate by reason of his connection with it. * * * If trustees are factors or brokers, or commission agents or auctioneers, or bankers, or attorneys, or solicitors, they can make no charges against the trust estate for services rendered by them in their professional capacity to the estate of which they are trustees. They may employ the services of such agents, if necessary, and pay

for them from the estate; but if they undertake to act in such capacity themselves for the estate they can receive no compensation. This rule is so strict that, if the trustee has a partner and employs such partner, no charge can be made by the firm; but if the trustee is excluded from all participation in the compensation, the partner of the trustee may be paid like any other person for similar services. * * * In the United States a trustee has been refused compensation as solicitor for professional services rendered by himself for himself as trustee, on the ground that no man can make a contract with himself."

The court further quoted approvingly from Collier v. Munn, 41 N. Y. 143, where it was held that:

"An executor, who is an attorney and counselor at law, cannot be allowed any fees whatever from the estate for professionally defending and conducting an action brought against the estate, although requested by his coexecutor to appear in such action and undertake the defense, with the promise of compensation, and although the legatees and next of kin united in such request."

. See, also, Bushby v. Berkeley, 153 App. Div. 742, 138 N. Y. Supp. 831.

It follows that the decree appealed from should be affirmed, with costs.

CLARKE, SCOTT, and HOTCHKISS, JJ., concur. INGRAHAM, P. J., dissents.