CHARLES R. HUGHES, Plaintiff, *v.* EVERETT S. HISCOX, JESSE F. HISCOX, HARRIET M. HUGHES, MAY M. GAGEL and DAISY E. HISCOX, as Executors of the Last Will and Testament of DAVID HISCOX, Deceased, Defendants.

(Supreme Court, Kings Special Term, January, 1919.)

Wills — provisions of — legacies — when right to be retained and employed by executors is mandatory — what constitutes a breach of obligation imposed on executors by the will — parties — actions — pleading — when motion for judgment on the pleadings denied.

A legacy is a disposition of personal property by will and implies a gift by a testator which is payable to the legatee out of the assets belonging to the estate of the testator; it does not include money payable to the beneficiary of a testamentary trust fund nor money to be paid as compensation for services to be rendered after the death of the testator, out of property which did not belong to him at that time.

A provision of a will by which, in consideration of the faithful and efficient services and knowledge of testator's son-in-law

of the business which the executors were directed to carry on, the son-in-law was to be retained and employed in the conduct of said business at a stated annual salary, is neither a specific or general legacy but a right to be employed in said business and is mandatory and binding upon the executors, as trustees.

While the failure of the executors in their capacity as trustees and perhaps as individuals to employ the son-in-law constitutes a breach of an obligation to him imposed on them by the will, the remedy of the son-in-law is not an action for damages, but a suit to impress an equitable lien upon the estate in the hands of the executors for whatever damages he may have sustained by reason of their failure to perform their duty under the will, and to such an action all of the beneficiaries under the will should be made parties.

Where although the facts alleged in a complaint in an action at law against the executors to recover money damages are sufficient to warrant equitable relief but no demand is made therefor, the complaint on demurrer must be held insufficient and plaintiff's motion for judgment on the pleadings will be denied and that of the defendants granted with leave to plaintiff to amend the complaint.

MOTIONS for judgment upon the pleadings.

William H. Siebrecht, Jr., for plaintiff.

Robert S. Pelletreau, for defendants Everett S. Hiscox and Jesse F. Hiscox, as executors, etc.

BENEDICT, J.   Two motions for judgment upon the pleadings are before the court, one, a motion by the plaintiff upon the amended complaint and the demurrer of the defendants Everett S. and Jesse F. Hiscox, two of the executors of the last will of David Hiscox, deceased, and the other by those two defendants upon the amended complaint and the demurrer interposed by them. The demurrants urge that the complaint is insufficient in law upon several grounds, which will later be noticed.

The plaintiff sues at law to recover $24,000, which he claims to be due him under the will of defendants' testator, which, among other things, directed the demurring defendants, as executors, to carry on the business of the testator, known as the Hiscox Chemical Works, and which further provided as follows: " In consideration of his faithful and efficient services and knowledge of the business, I will and direct that my son-in-law, Charles R. Hughes, be retained. and employed in the conduct of said business of the Hiscox Chemical Works at a salary of two thousand ($2,000) dollars per year." (Art. I, ¶ 5.) Plaintiff alleges that he tendered his services to the demurring defendants, which were refused, and he claims to be entitled to recover as a legacy the amount of $2,000 a year for twelve years. The complaint contains, of course, numerous other allegations, but it is not necessary to recite them here.

The defendants urge that they should have judgment dismissing the complaint upon the five following grounds: " 1. The plaintiff is not a legatee. 2. There was no legal obligation on the sons to employ the plaintiff. 3. The complaint shows that the plaintiff was not employed and that, therefore, no cause of action arose for payment to him of salary. 4. The court has not jurisdiction of the subject matter. 5. There is a defect of parties defendant." These several grounds will be considered in the inverse order in which they are stated.

The last ground of demurrer, to wit, that there is a defect of parties defendant by the omission of all the legatees and beneficiaries mentioned in the last will is not well taken if this action be merely one against the executors to enforce the payment of a legacy. Section 1819 of the Code of Civil Procedure provides that: " If, after the expiration of one year from the grant-

ing of letters testamentary  *  *  *  an executor  *  *  *  refuses, upon demand, to pay a legacy  *  *  *  the person entitled thereto may maintain such an action against him, as the case requires.'' Therefore no persons are required to be made parties to such an action except the legatee and the legal representatives of the estate.

The next objection, which is that the court has not jurisdiction of the subject matter of the action, is also without force. Such actions are expressly permitted to be brought in this court both under section 1819 and the other sections which are contained in title 3, article 1, chapter 15 of the Code of Civil Procedure.

The next objection which the defendants urge is that the complaint shows that the plaintiff was not employed, and that therefore no cause of action arose for payment to him of salary. As to this objection it may be said that the force of it depends upon the question whether there was, under the terms of the will, a legal obligation on the part of the executors to employ the plaintiff in the conduct of the business of the testator. If such legal obligation existed, then it was not requisite in order to establish the liability of the estate, that the executors should enter into any new contract of employment with the plaintiff, and if no such obligation existed the plaintiff cannot maintain any action against the executors without alleging and proving the existence of a new contract.

There remains for consideration, then, the question whether the provision of the will for the benefit of the plaintiff constitutes a legacy to him of the sum of $2,000 a year, or whether it imposes any obligation upon the executors Everett and Jesse Hiscox to employ him in the business conducted by them under the provisions of their father's will, and to pay him for his services rendered in pursuance of such employment at

the yearly rate mentioned in paragraph 5 of article 1 of the will. I am of opinion that the testamentary provision for the plaintiff's benefit cannot be construed or held to have been a legacy. A legacy implies a gift by a testator which is payable to the legatee out of the assets belonging to the estate of the testator. Strictly speaking, it does not include sums which are payable to the beneficiary of a trust fund created by the testator, nor would it include moneys which were to be paid as compensation for services to be rendered after the testator's death out of property which did not belong to him at the time of his death. A legacy is a disposition of personal property by will. The property may be the testator's or he may have a right to dispose of it. In either case his testamentary disposition of it directly or under a power creates a legacy. *Isham* v. *New York Assn.,* 177 N. Y. 218. Legacies are of two classes — specific and general. The distinction between these classes is sometimes of great importance, as is pointed out in Jessup's Surrogate Practice (4th ed. §§ 898–900). General legacies are the " mere bounty " of the testator, and they differ from legacies based upon consideration, as, for example, legacies in lieu of dower or to a creditor in payment of a debt. Legacies of the latter class make the legatees purchasers. *Matter of Woodbury,* 40 Misc. Rep. 143. In the present case it is quite plain that the provision in paragraph 5 of article 1 of the will of testator does not come within the classification of either specific or general legacies, nor does it rest upon an existing right on the part of the plaintiff which would be enforceable against the testator's estate if the testator had not chosen out of " mere bounty " to create the provision. What the testator wished to accomplish, and what I believe he intended by his will to accomplish, was not to give a legacy to the plaintiff, but to afford to the

plaintiff the right to be employed in the business which the testator had conducted under the name of Hiscox Chemical Works " at a salary of two thousand dollars per year." The compensation so provided for was not to be paid except as a return for services rendered by the plaintiff; but if, as we must do, we endeavor to carry out the expressed·intention of the testator, it must be not by rewarding the plaintiff for services which he did not render to the testator's estate at the yearly compensation mentioned in the will, but it must be by holding that the two executors designated to carry on the business, and who in doing so act not as executors but as trustees, although not so named, have, in their capacity as such, and perhaps also in their individual capacity,.by their failure to employ the plaintiff and enable him to earn the compensation which the will mentioned, been guilty of a breach of an obligation to the plaintiff imposed on them by the will which bound them to employ him in the business of the Hiscox Chemical Works.

The demurring defendants strenuously urge that the clause of the will directing the plaintiff's employment in the business was not binding upon them; that it should be treated as a recommendation which they were free to disregard if they chose. The authorities which have been cited, or which my research has disclosed .pertaining to this question, are not numerous. In *Hibbert* v. *Hibbert,* 3 Mer. 681, a direction by a testator that a certain person should be appointed " receiver " of his real and personal estates was upheld so far as to sustain the appointment of such person as consignee of estates in Jamaica without security other than his personal recognizance. In *Williams* v. *Corbet,* 8 Sim. 349, a provision of a will appointing the plaintiff auditor of the accounts of testator's estate during the execution of

the trusts of his will was held binding, and the plaintiff therefore entitled to maintain a bill to prevent his removal from the position of auditor. In *Shaw* v. *Lawless,* 5 Cl. & Fin. 129, a clause in a will stating that it was the testator's " particular desire " that his agent be continued in the management of the property of the estate by his executors and the devisee of a life interest was held not to be binding, but this upon the ground that it was not intended so to be, but was a mere precatory expression. To the same effect is *Finden* v. *Stephens,* 2 Phill. 142, where the testator said it was his " wish and desire " that plaintiff, an architect and surveyor, be appointed for all purposes for which testator's trustees might have occasion for an agent, receiver or manager of his estate and property. In *Foster* v. *Elsley,* L. R. 19 Ch. Div. 518, a declaration in a will that plaintiff should be solicitor to testator's estate and to his trustees in the management and carrying out of the provisions of his will, was held not to create a trust in favor of the solicitor which he could enforce. The court relied upon *Shaw* v. *Lawless, supra,* and *Finden* v. *Stephens, supra,* without noting apparently that in each of those cases the expression was precatory, and that as matter of construction it was held that it was not intended to be binding, while in the case then before the court the direction was absolute. *Foster* v. *Elsley, supra,* may therefore have been erroneously received in some quarters as announcing a settled doctrine that any such provision in a will as we are now considering would be of no binding effect.

The authorities in the United States go only to the extent of holding that a direction to executors or trustees to appoint or employ a certain person as attorney is not binding upon them. *Young* v. *Alexander,* 84 Tenn. 108; *Matter of Ogier,* 101 Cal. 381; *Matter of Pickett's Will,* 49 Ore. 127, 137; *Matter of Caldwell,*

188 N. Y. 115; *Matter of Wallach,* 164 App. Div. 600; affd., 215 N. Y. 622. None of these cases holds that such a direction with respect to the employment of a person in any other capacity than as attorney would not be binding, and in the case last above cited special stress was laid in the decision of the Appellate Division on the confidential nature of the relationship between attorney and client, Mr. Justice Dowling saying: " When one considers the necessarily confidential rela-tionship which prevails between the attorney and his client, the reason for the refusal to allow the testator to control the designation of the attorney, who shall represent the executor and subject him to liability of many kinds, becomes apparent." P. 602. In *Halde-man* v. *Haldeman,* 176 Ky. 635, 642, where executors were directed to carry on for ten years two news-papers, a controlling interest in the stock of each of the corporations publishing which was owned by the testator, and to employ his sons in their management, it was held that this provision for the employment of the sons was not binding after the lapse of the ten years; but it is not intimated that it would not have been held binding had the question come up during that period.

The result of my consideration of these cases is that, while it may be regarded as settled in this state that a testator cannot require his executors or trustees to employ an attorney or counsel nominated by him, there is no authority that he may not require them to employ a designated person in some other capacity not involv-ing a relationship so highly confidential as that of attorney and client. In the present case it does not appear from the complaint that a compliance with the provisions of the testator's will relating to the employ-ment of the plaintiff would involve his employment in any confidential capacity. My conclusion is therefore

that that clause is valid and binding upon the executors who were constituted trustees to carry on the business. This conclusion is supported by the cases of *Hibbert* v. *Hibbert, supra,* and *Williams* v. *Corbet, supra,* and is not contrary to *Shaw* v. *Lawless, supra,* and *Finden* v. *Stephens, supra,* because these two cases, as already stated, turned solely on the question of the construction of the clause involved, as to whether it was intended by the testator to be mandatory or not. In the present case the language used leaves no room for construction. It is clearly mandatory. The cases involving the relationship of attorney and client are not controlling for the reasons already stated.

It is true that in some of the cases cited (see *Shaw* v. *Lawless, supra,* and *Foster* v. *Elsley, supra*) the question whether there could be a trust in favor of a person designated for employment by executors or trustees, because of the absence of any subject matter, was considered; but it seems to me that no such question is involved. The testator, having created a trust by his will, is entitled to direct the trustees as to its manner of execution, and may, if he chooses, direct them to employ a certain person named by him in any other than a confidential capacity. But even if plaintiff is to be regarded as a beneficiary of a trust, the subject matter is the property — that is, the business and its assets — which the trustees are required to administer in part for his benefit, if he fulfill the conditions entitling him to receive the benefit, and the trustees are bound to afford him an opportunity to fulfill those conditions; that is, on the facts alleged in the complaint.

Plaintiff is not, however, pursuing the appropriate remedy. He has brought an action at law against the executors as such for money damages, whereas he should have sued in equity to impress an equitable

34

incumbrance or lien upon the estate in their hands for whatever damage he may have suffered by reason of the failure of the demurring defendants to perform their duty under the will. Such is the inference to be drawn from all the authorities above cited. Although the facts alleged in the complaint are sufficient to warrant the granting of such relief, the complaint does not demand it, and must therefore on demurrer be regarded as insufficient. I think also that, as the proper form of action involves the administration of the trust, all the beneficiaries under the will should be made parties.

Accordingly the plaintiff's motion for judgment on the pleadings must be denied, and that of the demurring defendants granted, with ten dollars costs, with leave to the plaintiff, on payment of such costs, to apply for an amendment of the summons and complaint as hereinbefore indicated.

Ordered accordingly.