**SHINNICK, Estate of, In Re**

Ohio Probate Court, Franklin Co

No 74667. Decided Sept 6, 1935

**OPINION**

By McCLELLAND, J.

Upon an examination of the probate code we find only two references to the employment of counsel for a fiduciary. The first reference is found in §10506-3 GC of the Probate Code which is as follows:

"At the time of the appointment of a fiduciary, he shall file in the Probate Court the name of the attorney, if any, who will represent him in matters relating to the trust. After the name of an attorney has been so filed, notices to such fiduciary in his official capacity shall also be sent by the Probate Court to such attorney who shall have authority to sign waiver of service of any or all of such notices upon him. * * *"

The other reference is found in §10509-193 GC, the pertinent portion of which reads as follows:

"When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be included in such further allowance, and if no definite amount has been agreed upon, the court shall fix such attorney fees as may be reasonable * * *."

Upon a consideration of these two statutes referred to, it seems that the relation contemplated therein is that of attorney and client or employer and employee. It is to be noted that the fiduciary is required to file in the Probate Court the name of the attorney who will represent him in the administration of the estate. This certainly contemplates the exercise of discretion on the part of the fiduciary in the choice of his counsel. Should the legislature have had any other intention it certainly would have written the statute in such a manner as to make it mandatory upon the court to appoint counsel for the fiduciary.

The fiduciary is required to give bond for the faithful execution of his duties unless the will dispenses with the giving of same. There is nothing in the statute requiring the attorney to give bond. The fiduciary is the only one that is required by law to participate in the administration of the estate or to account for any of the assets of the estate. In other words, the sole responsibility for the administration of the estate is placed by statute upon the fiduciary while the statute is entirely silent as to any obligations of the attorney for the fiduciary. Inasmuch as the fiduciary is charged with the faithful and proper administration of the estate and the sole responsibility is placed upon him, we do not believe it is within the power of a testator to determine the person or character of counsel who shall guide the fiduciary, upon whom the law has placed the sole responsibility for the proper administration of the trust.

It has been suggested to the court that if the executrix therein named should refuse to employ the counsel named by the testatrix, we should refuse to permit her to qualify as such executrix. We do not agree with that contention. It is the duty of the court to see that the will of the testatrix is carried out as far as it is possible for the court to do so, and in pursuance of this principle it is our opinion that the court should permit the executrix to qualify, although she may not see fit to employ the counsel named in codicil to her will.

Not only do we feel that the will of the testatrix should be carried out as far as possible as above stated, but in our opinion we are legally bound to qualify the executrix therein named if she be legally competent. §10509-2 GC contains the following language:

"Where a will is duly approved and allowed, the probate court shall issue letters testamentary thereon to the executor, if any be named therein, if he is legally competent, and accepts the trust and gives bond if that be required. Otherwise, the court shall grant letters of administration on the estate as hereinafter provided."

Section No. 3 of the author's comment under the above named section of Adams

& Hosford's Probate Code, contains the following language:

"Statute provides that the person named in the will shall be appointed if legally competent, but it fails to provide as do the statutes of many of the other states, what is considered to be legal incompetence. It has been thought by some that where such objections exist against the appointment of the person as would justify his removal by the court after his appointment that would be sufficient reason to refuse to appoint him in the first instance. It has however, been held by several probate courts in Ohio to the contrary; and that, under the common law rule, which prevails in Ohio, none are legally incompetent except minors, idiots and insane persons. And that where the person was not thus legally incompetent he was entitled to receive the appointment" * * *

The complainant has suggested to the court that the executrix named was not friendly to the devisees and legatees under the will and would not co-operate with them in the administration of the estate. Whether this statement be true or not, that of itself, under the decisions of the Ohio courts would not constitute legal incompetency and would not justify the court in refusing the appointment originally. It might later, if proven, to a certain extent give rise to a ground for removal, but in our opinion that probability would not constitute legal incompetency on the part of the executrix.

We have searched the reports of Ohio for a ruling upon the questions presented to the court in this matter, but have been unable to find any reported cases upon this subject. We therefore go to the authorities and the courts of last resort of other states to determine if possible the decisions on a similar question.

We first refer to Woerner, on The American Law of Administration, Vol. 3, page No. 1777, under §515, in which the author uses the following language:

"It has been decided that the selection of counsel cannot be controlled by a testator; that the provision in a will nominating and appointing a person by name as "advisory and counsel" to assist the executor in winding up the business of the estate, is not binding upon the executor; and that he may employ other counsel, whose reasonable fees will be allowed out of the estate, or act without counsel."

The author refers to a number of cases, one of which is In Re, Ogier, reported in 101 Cal. 381. We have made an examination of this case and find that the testatrix used the following language:

"I hereby select as the attorney of my estate John W. Mitchell, and direct my Executrix to consult and employ him in all matters pertaining to the distribution of my estate and the requirements of this, my last will."

The court in its decision, uses the following language:

'This being so, it would seem to be neither reasonable nor right to hold that the Executor of a will must necessarily accept the services of an attorney selected by the testator. Our conclusion, therefore, is that the language employed by Mrs. Ogier, 'I hereby select as the attorney of my estate, John W. Mitchell, and direct my executrix to consult and employ him in all matters pertaining to the distribution of my estate, and the requirements of this my last will,' did not constitute a selection which was binding upon the executrix, but was simply an advisory provision which she could disregard if she chose to do so."

The author also cites the case of Young v Alexander, Executor, in which case the court quotes the following language of the testator:

"I hereby nominate and appoint my nephew M. B. Young of Jackson County, Tennessee, as advisory and counsel of my said Executors, etc."

The executor named refused to employ the person named as his counsel and advisor. The person named filed an action to compel him to employ him as such counsel, and for an order of removal of the executor unless he did so employ him. The court in his opinion uses the following language:

"The question here raised and necessary to be considered, is the Executor bound by the above provision of the will to accept the complainant as his only counsel in the administration of the estate, or has he the right to select and employ counsel for himself in the execution of said trust, notwithstanding said provision? Or, in the language of the demurrer, could the testator nominate and select legal counsel for the Executor so as to bind him? We have not been referred to any adjudication of this or any similar question, and it is conceded there is none to be found. Hence, we must determine it upon the general principles of

law. There is no such office or position as "Advisory and counsel" to an Executor or Administrator constituted or required by law. He is permitted, in the course of his administration, to employ such legal counsel as may become necessary, and their reasonable fees for such services will be allowed and repaid to him out of the estate. But he may or may not employ counsel at his discretion; it is for his own protection, and he becomes himself personally liable, in the first instance, to them for their fees. * * * We are of the opinion, therefore, in view of his personal liability for the proper management and conduct of the administration, and the advice and assistance of counsel being for his own protection, and he being himself liable to them for their compensation, has the right to select and employ his own counsel. And, however persuasive such a provision may or might be, it can only be effective as an advisory provision. * * *"

The author also cites the case In the Matter of Caldwell, 188 N. Y. Reports, page 115, in which the court uses the following language:

"By the twelfth paragraph the testator assumes to Appoint Wilson & Wortman, Attorneys at Law, of Syracuse, New York, attorneys for my estate, upon the probate of this, my last will and testament, and upon all other matters wherein my executors shall require legal services or advice in the settlement of my estate. * * *

"The law of this state does not recognize any testamentary power to control executors in the choice of the attorney or counsel, who shall act for them in their representative capacity. They may incur a personal liability for the conduct of their lawyers, and hence they are beyond the control of their testator in making the selection. Such a provision, therefore, as this will contains in reference to the attorneys to be employed, is to be regarded as merely expressive of a wish on the part of the testator, which it is most proper for the executors to observe if it accords with their own judgment, but which otherwise they are not bound to regard."

Counsel for the executrix has also called our attention to the case In Re: Picketts Will, 49 Oregon, 127, also reported in 89 Pacific Reports, page 377, in which it is held as follows:

"The appointment of an attorney to advise an executor is a matter entirely personal to such officer, and he is not bound by any provisions or suggestions in the will."

It is quite apparent therefore, that the courts of last resort of other states consider the obligation to properly administer an estate, an obligation solely of the fiduciary and not of the attorney, and inasmuch as the obligation is placed upon the shoulders of the fiduciary, it certainly would be unfair to compel the fiduciary to accept the services of counsel who might be named by the executrix, but should be permitted to assume the responsibility of employing his own legal advisor.

It is our opinion that the motion is not well taken, and the prayer thereof will be denied.