In the Matter of the Will of MORRIS ROTH, Deceased.
JESSE ROTH, as an Alternate Executor and Trustee of MORRIS ROTH, Deceased, Appellant.
MEIER STEINBRINK, as Executor and Trustee of MORRIS ROTH, Deceased, et al., Respondents.

Argued May 18, 1943; decided July 20, 1943.

*Lloyd B. Kanter* and *Lewis Singer* for appellant. A testator has the absolute right to name the person to administer his estate and such nomination may be conditionally or unconditionally made; and the nominee has the absolute right to refuse to accept any such appointment. (*Matter of Healey,* 255 App. Div. 361; 33 C. J. S. p. 903, § 22a, p. 907, § 24; *Matter of Chapin,* 167 Misc. 388.) A testamentary direction to an executor may be a nullity for want of power in the testator to require its performance, but if its performance is made a condition precedent of the acceptance of an executorial or other appointment, the appointment cannot be taken unless the condition be satisfied. (*Matter of Caldwell,* 188 N. Y. 115; *Matter of Olney,* 255 App. Div. 195.) The limitation on proponent's expenditures for counsel fees is a condition precedent of his appointment. Public policy is not contravened by the condition precedent of proponent's appointment by which the amount of his expenditures for counsel fees are limited. An appointment of an executor upon a condition precedent which violates public policy is invalid in its entirety. (*Caw* v. *Robertson,* 5 N. Y. 125; *Hogan* v. *Curtin,* 88 N. Y. 162; *Oliver* v. *Wells,* 254 N. Y. 451; *Scott* v. *Tyler,* 29 Eng. Rep. 253.) If it be held that the limiting condition is such that proponent may only accept the appointment

upon his acquiescence in the condition, the allowance to his attorneys was improper.

*John F. Brosnan* and *Richard S. Ritzel* for Meier Steinbrink, respondent. A testamentary limitation on the amount to be expended by an executor and trustee for legal services is against public policy. (*Matter of Olney,* 255 App. Div. 195, 281 N. Y. 98; *Matter of Wallach,* 164 App. Div. 600, 215 N. Y. 622; *Matter of Caldwell,* 188 N. Y. 115; *Straus & Co.* v. *Canadian Pacific Ry. Co.,* 254 N. Y. 407.) The limitation as to counsel fees whether or not a condition precedent is void and of no effect. (*Matter of Liberman,* 279 N. Y. 458.) The allowance to respondent's attorneys of $2,500 by the Surrogate was proper whether the condition limiting counsel fees was valid or not. (*Matter of Reimers,* 261 N. Y. 337.)

*Clarence R. Treeger* for Jewish Hospital of Brooklyn, respondent. The limitation on the amount of the counsel fee is against public policy and void. (*Matter of Caldwell,* 188 N. Y. 115; *Matter of Liberman,* 279 N. Y. 458; *Matter of Olney,* 255 App. Div. 195, 281 N. Y. 98.) The order of the Appellate Division, affirming the Surrogate's ruling conserves the assets of the estate and carries out the intent of the testator.

LEWIS, J. When the will of Morris Roth, deceased, was presented for probate in Surrogate's Court, Kings County, the petitioner, whom the testator nominated conditionally as executor and testamentary trustee, requested the construction of several paragraphs of the instrument. The following paragraph is the only one with which we are concerned upon this appeal:

" *Second:* I hereby nominate, designate and appoint as Executor and Trustee of this my Last Will and Testament, Meier Steinbrink, Esq., who is at present a member of the law firm of Jones, McKinney & Steinbrink, with offices at No. 215 Montague Street, in the Borough of Brooklyn, City of New York, hereby *directing* that said Executor and Trustee qualify and serve as such without compensation. In all purely legal matters relating to the proving of this Will, the administration of my estate and the execution of the trusts hereinafter created, he is authorized, however to employ counsel at an expense not to exceed

the sum of One thousand Dollars, which sum of One thousand Dollars shall be in lieu of all other fees, allowances, or other compensation. Should the said Meier Steinbrink, Esq., refuse to qualify and serve as such Executor and Trustee, *upon the conditions herein imposed,* I hereby name, designate and appoint my beloved wife Pearl Roth and my nephew Jesse Roth Executors and Trustees of this my Last Will and Testament *without any qualifications whatsoever."* (Emphasis supplied.)

In his petition for the probate of the decedent's will the petitioner advised the Surrogate that although he was willing to serve as executor and trustee without compensation, " * * * nevertheless, as petitioner is a Justice of the Supreme Court of the State of New York, he cannot in the nature of things give his personal attention to the details of the legal matters involved in this estate, and, therefore, is willing to assume the duties and responsibility of acting as Executor and Trustee if he can retain competent counsel, and submits that he cannot retain such competent counsel if such limitation [as to counsel fees] be a valid one and legally binding upon him."

The Surrogate admitted the will to probate and ruled, that as to the testamentary nomination of the petitioner as executor and trustee the only condition imposed upon him by the second paragraph, quoted in full above, is that he act without compensation and that the further limitation as to the expenditure of counsel fees in the administration of the estate is not binding upon him. In response to applications for allowances under the Surrogate's Court Act, §§ 231-a and 278, the Surrogate allowed to counsel for the petitioner for services and disbursements on the probate proceeding the sum of $2,698.42 and to counsel for Jesse Roth, who opposed the construction placed upon the will by the Surrogate, the sum of $250.

Such a disposition of the problem presented upon the probate of the decedent's will disregards, we think, the testamentary plan for the administration of his estate. Under such plan — for reasons not known to us but apparently sufficient to satisfy the testator's desire in that regard — the nomination of the petitioner as executor and trustee was clearly burdened with conditions. The problem would be different if, without specifying an alternative, the testator had nominated only the petitioner as his executor and trustee and had attempted by his

will to dictate the choice of his executor's counsel and to fix the maximum amount of fees which could be paid for legal services. Such limitations, in cases where the wills involved prescribed no legal alternatives, have met with disapproval when challenged in our courts. (*Matter of Caldwell*, 188 N. Y. 115, 121; *Matter of Olney*, 255 App. Div. 195.)

In the present case, however, the testator expressly provided otherwise by setting up an alternative plan for the appointment of those who would administer his estate. That alternative plan, as we have seen, was clearly phrased — " Should the said Meier Steinbrink, Esq., refuse to qualify and serve as such Executor and Trustee, *upon the conditions herein imposed*, I hereby name, designate and appoint my beloved wife Pearl Roth and my nephew Jesse Roth Executors and Trustees of this my Last Will and Testament *without any qualifications whatsoever.*" (Emphasis supplied.)

By the provision last quoted above, the " conditions herein imposed ", attaching to the nomination of the petitioner as executor and trustee, are again referred to as if to emphasize the testator's intent in that respect. The testator thus made it a matter for the petitioner's choice whether he would qualify and serve as such executor and trustee under conditions expressly imposed by the will which the petitioner might consider to be unreasonable and rigid.

In the absence of proof that the decedent's will was the product of a mind which lacked testamentary capacity or which was under a malign influence, the testator was free — within legal limitations which do not affect this particular plan — to arrange as he desired for the administration of his estate. In these circumstances the Surrogate's decree, which has been affirmed by the Appellate Division, authorizes acts by the petitioner as executor and trustee which are directly opposed to the carefully designed and clearly outlined testamentary plan of the decedent. We may not disregard the alternative nominations which were expressly made a part of that plan and which the testator intended should become effective in the event the petitioner " should * * * refuse to qualify and serve as such Executor and Trustee, *upon the conditions herein imposed.*"

Upon the record at hand the testamentary condition precedent to the petitioner's qualification and service as executor and

trustee of the decedent's will may not be ignored. To do so would permit the petitioner to serve in that capacity without regard for the conditions expressly imposed by the testator; it would give no effect to the alternative unconditional nominations made by the testator; it would disregard the plan for the administration of his estate as to which his intention was clearly and definitely expressed. Here again — "We have  *  *  * only one rule to follow — it is fundamental. The intention of a will-maker is to be found in the words used in the will, and when these are clear and definite there is no power to change them." (*Matter of Watson*, 262 N. Y. 284, 293.)

The order of the Appellate Division and the decree of the Surrogate's Court, so far as appealed from, should be reversed, with costs to the appellant in all courts, payable out of the estate, and the matter remitted to the Surrogate's Court, with direction to proceed in accordance with this opinion.

LOUGHRAN, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur; LEHMAN, Ch. J., taking no part.

Ordered accordingly.