## Robinson's Ex'rs v. Robinson et al.

April 21, 1944.

Pat Rankin, H. Clay Cox and C. E. Rankin for appellants.

H. Clay Kaufman and Smith & Leary for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The executors of the late Hon. J. E. Robinson instituted this declaratory judgment action asking a construction of decedent's will and a determination of whether or not certain limitations testator put on the compensation to be paid the executors and their attorney are binding. The court was further asked to adjudge whether a bequest made the widow by codicil was supplemental or substitutional to the bequest made her in the will and to adjudge whether a special bank deposit of $771.92 made by the testator constituted a trust fund for his widow, or was only a general deposit.

The chancellor in an exhaustive and well-reasoned opinion upheld the limitations incorporated in the will as to the allowance to be made the executors and the fee to be paid their attorney; that the cash bequest made the wife in the codicil was substitutional rather than supplemental to the cash devised to her in the will; and that the deposit of $771.92 was a general deposit and did not constitute a trust fund for the benefit of the widow. From the judgment entered in conformity with the chancellor's written opinion the executors and the widow appeal. While the attorneys were not made formal parties to the litigation, a stipulation appears in the record by which they agreed to be bound by the judgment construing the will.

Mr. Robinson was a distinguished lawyer who had enjoyed a long and extensive practice and had amassed an estate of about $270,000. He engaged in agriculture and operated several farms aggregating about 1,200 acres. Also, he published a newspaper in his home town of Lancaster. At his death his cash and securities only amounted to something over $20,000, most of his estate being invested in tangible property which his will instructed his executors to reduce to cash and distribute to his devisees.

At the time his will was written on Aug. 4, 1938, he was a widower residing in a house in Lancaster devised him by his wife. A fire damaged the house and its contents on May 30, 1941, and he collected $3,000 insurance which he deposited in the bank in what is referred to in the record as a "building account." All of this insurance except $771.92 was used in repairing the residence and it is argued that testator intended to use this balance in reconditioning the furniture he devised to his wife, therefore it became a trust fund for her benefit.

Miss Janie Grace, whom the record indicates was a relative of his first wife, was Mr. Robinson's secretary. His will written when Miss Grace was his secretary devised her the residence in Lancaster, together with its furnishings, $5,000 cash and the choice of any of the automobiles testator might own at his death. He married Miss Grace on Oct. 16, 1941, and on Dec. 30th, following, by a codicil increased the cash bequest to her to $25,000.

The will named his brother, John C. Robinson, and a friend, F. S. Hughes, as executors. The brother predeceased testator and by codicil he named Marion Goode and L. N. Miller executors in lieu of John C. Robinson and Hughes. In his will testator devised Goode a 150 acre farm worth $10,000 or $12,000, a pair of mules, harness and wagon and a milk cow. Miller, the other executor, was employed by testator on his newspaper and the will gave him $500.

That part of the will making a devise to Miss Grace, his secretary, reads:

"Item III. I will, devise and give to Janie Grace my residence in the town of Lancaster which I received through the will of my deceased wife, Frances C. Robin-

son. The request is made in her will that I give this property to some of her relatives, and in carrying out that wish and understanding between us I made the foregoing provision. I also give to Janie Grace the household furniture and the equipment in the said home and her choice of any automobile I may have at the time of my death. I further will and bequeath to the said Janie Grace the sum of five thousand dollars ($5,000.00) and direct my executors to collect my life insurance payable to my estate and pay her the said $5,000.00 out of the proceeds of said life insurance policies as soon as practicable after they qualify as my personal representatives. Any articles in the said home that I may otherwise dispose of will be provided for if I should make a codicil to this will.''

That part of the codicil making a devise to Mrs. Janie Grace Robinson reads:

''(2) I will, give and bequeath my beloved wife Janie Grace Robinson my home on Lexington Street in the city of Lancaster, Ky., including household and kitchen furniture including all of the furnishing of every kind to be her absolute property and in addition I will and bequeath her Twenty-Five Thousand ($25,000.00) dollars to be paid her as soon after the qualifying of my executors as selected.''

The first question confronting us is whether the $25,000 given the wife by the codicil is in addition to the $5,000 given her in the will when she was his secretary, or whether testator intended the $25,000 to be substituted for the $5000. Whether legacies are cumulative or substitutional is a question of construction to be determined from the intention of the testator. 2 Alexander on Wills, Sec. 683, p. 1010; 4 Page on Wills, Sec. 1578, p. 487; Prather v. Watson's Ex'r, 187 Ky. 709, 220 S. W. 532; see annotations 51 A. L. R. 726.

The will gave Miss Grace the residence and its furnishings and $5,000 cash at the time she was Mr. Robinson's secretary. When she became his wife the codicil gave her the residence and furnishings ''and in addition I will and bequeath her Twenty-Five Thousand ($25,000.00) dollars.'' By thus repeating the gift of the residence and the furnishings and reciting that in addition thereto he gave her $25,000 it cannot be doubted that testator intended that the cash bequest in the

codicil was to substitute rather than supplement the cash bequest contained in the will. Had it been his intention to supplement the $5,000 cash bequest by $25,000, why did Mr. Robinson, a learned lawyer of long and wide experience, take the pains to repeat the gift of the residence and its contents and then say that in addition thereto he gave her $25,000?

The rule is that a will and codicil are construed as one instrument and, so far as is practicable, will be reconciled so the codicil will not disturb the will further than is absolutely necessary to give the codicil effect. See Lightfoot v. Beard, 230 Ky. 488, 20 S. W. (2d) 90, and the many cases and texts cited therein. Since the codicil did not mention the automobile, the chancellor correctly held that the widow took it under the will.

But little time or space need be devoted to the widow's contention that the $771.92 remaining in the special deposit after the residence was repaired became a trust fund for her benefit inasmuch as the damaged furniture was devised to her and testator had intended to recondition same with this fund. The fact that testator carried this special account in his name as a "building account" did not distinguish it from a general deposit insofar as his estate was concerned. 3 R. C. L. Sec. 147, p. 518; Denny, Banking Commissioner, v. Thompson, 236 Ky. 714, 33 S. W. (2d) 670. This deposit had none of the attributes of a trust as defined in Siter v. Hall, 220 Ky. 43, 294 S. W. 767. The codicil was written in December following the fire in May, 1941, and testator knew of the damaged condition of the furniture and had he intended that this special account be used to recondition the furniture, it is reasonable to conclude that a man of his learning and mentality would have so recited in the codicil to his will.

Item 10 of the will naming the executors and fixing their allowances and the fee of their attorney reads:

"Item X. I hereby nominate and appoint my brother, John C. Robinson, and my friend, F. S. Hughes, executors of this my will, and authorize them to carry out the provisions of the same. If either of them be dead at the time the will is probated, the surviving one may qualify. The said executors will be limited in their charges for handling this estate to the sum of twelve hundred and fifty dollars $1,250.00) each, or if one quali-

fy to the sum of eighteen hundred dollars $(1,800.00). The attorney employed by my executors in handling this estate will be limited in his charges for such services to the sum of twelve hundred and fifty dollars ($1,250.00)."

Paragraph 3 of the codicil reads:

"(3) I appoint Marion Goode and L. N. Miller my executors in lieu of appointment in original will and they are to be permitted to qualify without surety on their bond."

Appellants admit the general rule to be that where the testator plainly intended to limit the compensation of his executor and inserted such a provision in his will and the executor accepted and qualified, he is bound thereby. The reason supporting the rule is that the executor knowing the compensation fixed for him by the will can qualify or not as he see fit; but having qualified and performed the services of his office, he must accept the compensation provided for him in the will. 34 C. J. S., Executors and Administrators, Sec. 869, p. 1031; Brown's Ex'r v. Brown's Devisees, 6 Bush 648, 69 Ky. 648; Clay v. Thomas, 191 Ky. 685, 231 S. W. 512; Annotations 34 A. L. R. 918.

We are cited to Young v. Smith, 9 Bush 421, 72 Ky. 421; Fidelity Trust & Safety Vault Co. v. Watkins' Ex'rs, 42 S. W. 753, 19 Ky. Law Rep. 957; Thome v. Allen, 49 S. W. 1068, 20 Ky. Law Rep. 1728; and Frazer v. Frazer, 76 S. W. 13, 25 Ky. Law Rep. 473, by appellants as being exceptions to the general rule and allowing a larger compensation to executors than provided in the will. But an examination of these authorities discloses that unusual services not contemplated by the testator had to be performed, or that the executor who first qualified died and another personal representative was named to complete the execution of the trust, or that some unforeseen condition arose which reduced the compensation named in the will. In the instant case there were no services performed by the executors which were not within the contemplation of the testator when he wrote the will or not within the contemplation of the executors when they qualified. The personal representatives of Mr. Robinson performed no unusual or extraordinary services and there is nothing to take this case without the general rule that the executor is bound by limitation fixed by the will as to his allowance.

It is argued that the compensation of the executors limited by the will was personal to the executors therein named and had no application to the office, therefore it was not the intention of the testator to apply this limitation to the executors named in the codicil. The answer to that argument is that the codicil recited that the executors therein named are in lieu of those appointed in the original will. Applying the rule above mentioned that a will and a codicil will be construed as one instrument insofar as practicable, Lightfoot v. Beard, 230 Ky. 488, 20 S. W. (2d) 90, there can be no doubt that the testator intended that the limitation the will placed on the compensation of the executors therein named should apply to the executors the codicil appointed in lieu of those named in the will.

Appellants insist that the clause in the will limiting the fee of an attorney employed by the executors is invalid since an executor has the right to name his own counsel, and should the attorney be limited to the fee fixed by the testator, this would deprive the executor of the privilege of selecting the attorney of his choice.

It cannot be doubted that an executor has the authority to employ an attorney or that he is entitled to an allowance from the court to cover reasonable and necessary counsel fees. Pennebaker v. Williams, 136 Ky. 120, 120 S. W. 321, 327, 123 S. W. 672; Hamilton v. Nunn, 247 Ky. 715, 57 S. W. (2d) 655, 657. On a rehearing of the Pennebaker case, 136 Ky. 143, 123 S. W. 672, this court held that an executor is entitled to counsel of his own choice whose fee should be paid out of the estate. It would appear that this rule is supported by the great weight of authority and that a provision in the will naming the attorney the executor shall employ is not necessarily binding and may be disregarded by the executor. 21 Am. Jur. Sec. 232, p. 502; In re Ogier's Estate, 101 Cal. 381, 35 P. 900, 40 Am. St. Rep. 61; Young v. Alexander, 16 Lea 108, 84 Tenn. 108; In re Pickett's Will, 49 Or. 127, 89 P. 377; Hughes v. Hiscox, 105 Misc. 521, 174 N. Y. S. 564; Vicksburg Public Library v. First Nat. Bank & Trust Co., 168 Miss. 88, 150 So. 755; In re Wallach, 164 App. Div. 600, 150 N. Y. S. 302, affirmed 215 N. Y. 622, 109 N. E. 1094. The reason for this rule, as recited in some of these authorities, is that as the executor is chargeable with any negligence, dereliction of duty or misappropriation of the attorney he should have the

authority to name his attorney. Also see 21 Am. Jur. Sec. 244, p. 511; 33 C. J. S. Executors and Administrators, Sec. 248, p. 1256, and annotations in 31 L. R. A. N. S., 359.

It is insisted by appellants that if the testator is without authority to name the attorney who serves his executor, he cannot fix the attorney's compensation by will, the argument being that this would allow the testator in effect to name the attorney for the executor and to do indirectly that which the law forbids him from doing directly.

The question appears to be one of first impression in this jurisdiction and one upon which there seems to be a dearth of authority. The only cases diligent counsel have been able to find are Matter of Olney's Estate, 255 App. Div. 195, 7 N. Y. S. (2d) 89, and In re Alderfer's Estate, 56 Montg. Co. Law Rep., Pa. 172, neither of which is from a court of last resort, and we have found no additional opinions except In re Roth's Will, 291 N. Y. 1, 50 N. E. (2d) 281, 148 A. L. R. 360, which is not directly in point as is shown by the annotation on page 362. In declaring void a limitation in a will on fees to be paid an attorney for an executor in the Olney case the court based its opinion upon the ground that the executor may incur personal liability for the conduct of his counsel. But that would not be a sound basis for an opinion in this jurisdiction since in the late case of Kaufman v. Kaufman's Adm'r, 292 Ky. 351, 166 S. W. (2d) 860, 144 A. L. R. 866, it was written that a personal representative is not liable for the negligence or misconduct of his lawyer if due prudence was exercised by him in the selection of an attorney. Certainly if the selection of the attorney could be controlled by the testator, the executor would not be liable for the attorney's dereliction of his duty as the executor would have no voice in the selection.

It strikes us that the sounder reasoning is expressed in the Alderfer case where it was said that the same rule applies where the will fixes the attorney's compensation as where it fixes that of the executor, and where the attorney accepts the duties of counsel to the executor knowing the limitation placed on his fee by the will, he is bound by that limitation in the absence of extraordinary services. In the case before us there were no services performed by the attorney which were not con-

templated by him when he accepted employment, or which were not in the contemplation of the testator, and having accepted the employment he is bound by the limitation expressed in the will. It was written in 4 Page on Wills, Sec. 1577, p. 484: "A testator may provide in his will the amount of compensation to be paid for services to be performed for his estate after his death, by an executor, trustee, attorney, or the like."

But it is argued that as the attorney in the instant case refused to accept employment at the figure named in the will and as the executors agreed to pay him a reasonable fee for the services to be performed, the attorney did not enter upon his duties with the knowledge that his compensation was limited by the will. The weakness in the argument is that under KS 3883 (KRS 395.150), as construed by this court, the executor has not the authority to fix the amount of fee due the attorney he employs, but such is fixed by the court in making a reasonable allowance to the executor to cover the fee of his attorney. Pennebaker v. Williams, 136 Ky. 120, 120 S. W. 321, 327, 123 S. W. 672; Hamilton v. Nunn, 247 Ky. 715, 57 S. W. (2d) 655, 657. If the attorney was unwilling to act for the compensation named in the will, he should have applied to the court for an increase thereof before accepting employment instead of to the executors, who had no authority to raise his fee above that named in the will.

The judgment is affirmed.