BOYLE v. FARMERS' LOAN & TRUST CO. et al.

(Circuit Court of Appeals, Fifth Circuit. April 16, 1900.)

No. 828.

PARTIES—PERSONS ENTITLED TO SUE—INTEREST IN CONTROVERSY.

The purchaser of railroad property at foreclosure sale, who acts, in making the purchase, for other parties, to whom he at once transfers the title, cannot thereafter maintain a petition to require the receiver of the property during the foreclosure proceedings to pay taxes assessed thereon during the receivership; having no interest, personal or fiduciary, in the question which he seeks to litigate.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

On the 6th day of April, 1889, the appellee the Farmers' Loan & Trust Company, trustee for the holders of the first mortgage bonds executed by the Houston & Texas Central Railroad Company, filed its bill in the circuit court against the railway company to foreclose the first mortgage executed by it June 16, 1873, on the Waco & Northwestern Division, and for the appointment of a receiver. Agreeably to the prayer of the bill, a receiver was appointed; and on March 16, 1892, a final decree was rendered, foreclosing the mortgage and ordering a sale of the property. The railway and other property described in the decree were sold, conformably to the order of the court, December 28, 1892, and upon confirmation of the sale by the court a deed was tendered to the purchaser. This deed the purchaser declined to accept, and a controversy resulted, which eventually culminated, March 5, 1895, in an amendatory final decree setting aside the sale, relieving the purchaser of his bid, and ordering a resale of the property. In pursuance of the decree as amended, the property was again offered for sale on September 3, 1895, when it was purchased by the appellant, and the sale was thereafter duly confirmed. Upon presenting a petition praying for further time to comply with his bid, the court, on October 22, 1895, made an order granting the extension "until such time as shall be fixed by further order of the court, or a judge thereof, after reasonable notice to such purchaser." The appellees Moran Bros. and McHarg on March 18, 1897, and the Farmers' Loan & Trust Company on August 19, 1897, filed petitions to require the appellant to pay the remainder due on his bid and take

the property. On the 7th day of June, 1897, the appellant filed a petition claiming the net earnings of the property accruing subsequent to the confirmation of the sale, to wit, on the 21st day of October, 1895. Issue was joined upon the matters contained in the several petitions, and upon the hearing of the appellant's petition the court denied his right to the earnings claimed. Upon the hearing of the petition filed by the appellees, and the master's report made thereon, an order was passed requiring the appellant to comply with his bid, by the payment of the purchase money due on the 13th day of December, 1897. Appeals were taken from these orders. This court affirmed the order of the circuit court denying the right of the appellant to the earnings of the railway property accruing subsequent to his purchase, and made an order requiring the appellant to comply with his bid on the 1st day of July, 1898. Boyle v. Trust Co., 32 C. C. A. 142, 88 Fed. 930. The receiver continued in charge of the property until the 30th day of June, 1898, when the appellant fully complied with his bid, by paying the remainder of the purchase money, and received from the master commissioner a deed conveying to him the property. Possession was immediately surrendered by the receiver to the appellant. While the former was in possession of the property, he rendered it for taxation, in obedience to the laws of Texas, for the year 1898. The taxes, state and municipal, due for that year, and which did not become payable until October 1st, amounted to more than $4,000. The receiver, after surrendering possession of the property, refused to pay the taxes, although having in his charge funds amply sufficient for the purpose. The appellant thereupon, on the 10th day of November, 1898, filed a petition to require the receiver to pay the taxes so due and unpaid for the year 1898. This claim on the part of the appellant was resisted by the appellees, who, among other things in their defensive pleadings, denied the right of the appellant to maintain the suit, because of a want of interest in the subject-matter. The following stipulation of counsel was considered by the court upon the hearing of the matter at issue: "First. That Alfred Abeel, the receiver in said cause, had rendered all said property for taxation for the year 1898, as required by the laws of Texas, prior to the 1st day of June, 1898; that said receiver had not paid, and would not pay, unless directed so to do by the court, the said taxes, or any part thereof; and that the state, county, and municipal taxes on said property for said year exceeded four thousand dollars. Second. That after the payment by him of the balance of his bid, and the delivery to him of a deed conveying, all and singular, the said property to him, as shown by the report of Alfred Abeel filed in said cause on July 6, 1898, the said Wilbur F. Boyle conveyed the railroad and property appurtenant thereto so purchased by him to the Houston & Texas Central Railway Company, and conveying the lands purchased by him, and not appurtenant to said railroad, to Thomas H. Hubbard; the said conveyances being in pursuance of the arrangement under which he purchased said property; said purchase being for account of said transferees,—that is, the purchase was made for the Pacific Improvement Company, who was acting for said railway company in making the purchase."

Jas. A. Baker and R. S. Lovett, for appellant.
L. W. Campbell and M. F. Mott, for appellees.

Before SHELBY, Circuit Judge, and NEWMAN and MAXEY, District Judges.

MAXEY, District Judge, after stating the case, delivered the opinion of the court.

In the disposition of this appeal it has not been deemed necessary to consider the errors assigned by the appellant. as it is apparent from an examination of the record that he has no possible interest in the merits of the controversy. To maintain a suit in a court of justice, the party plaintiff must have some interest in the

subject-matter of the litigation, either legal or equitable, absolute or contingent, personal or fiduciary; and, where the want of interest clearly appears, the suit, whether in a court of law or equity, should be dismissed, without considering questions in which some third party may be alone interested. In House v. Mullen, 22 Wall., at page 46, 22 L. Ed., at page 839, it is said by the supreme court:

"The authorities are very clear that such a misjoinder, or the bringing of a suit by a plaintiff who shows no interest of any kind in the suit, is fatal to the bill, if taken on demurrer or answer."

The vice chancellor, in Baxter v. Baxter, 43 N. J. Eq. 86, 10 Atl. 816, used the following language:

"The complainants, it would seem, therefore are, in respect to the action they ask the court to take concerning the lands, mere intermeddlers. They are seeking judicial aid in respect to a matter in which they have no interest, either personal or fiduciary. The rule, I think, must be regarded as fundamental, that no person can maintain an action respecting a subject-matter in respect to which he has no interest, right, or duty, either personal or fiduciary."

And in the case of Attorney General v. United Kingdom Electric Tel. Co., 30 Beav. 291, the master of the rolls said:

"Nothing is more clear than this (I am keeping distinct the questions of injury to private property and the injury to the public): That one man cannot come into this court and complain of an injury affecting the property of another person. That other person, if his property is injuriously affected, must come into this court and bring forward his own case, and request the interposition of this court to protect him from having his property injured or injuriously affected by the acts of the defendant."

Dix v. Insurance Co., 22 Ill. 272; Dicey, Parties, marg. p. 500, c. 34; 15 Enc. Pl. & Prac. p. 468, notes.

That the appellant was a mere volunteer in this case, without interest entitling him to invoke the aid of the court, is plainly disclosed by the record. The purchase of the property was originally made by him for the Pacific Improvement Company, and the latter was acting for and in the interest of the Houston & Texas Central Railway Company. It is admitted by counsel for the appellant in their brief that upon the delivery of the master commissioner's deed, and surrender of the possession of the property to him, on June 30, 1898, the appellant, in pursuance of the agreement under which he purchased the property, conveyed the railway and property thereto appurtenant to the Houston & Texas Central Railway Company; and the lands purchased by him, and not appurtenant to the railway, he conveyed to Thomas H. Hubbard. The petition which he interposed, to require the receiver to pay the taxes, was filed on the 10th day of November, 1898,—more than four months after he had parted with the naked legal title, the only interest or claim which he seems ever to have had in the property. Whether, therefore, the receiver should be required to pay the taxes in question, involves an issue to which the appellant is in no sense a party. A sale of the railway to satisfy the taxes would not affect his property rights, and he may safely remit the protection and preservation of the property to the guardianship of those who own and control it. The railway company itself is not complaining, and,

until it puts in motion the machinery of the courts, its rights, if any it enjoys, will not be considered. The circuit court was right in dismissing the petition of the appellant, and its order to that effect is affirmed.