JOHN P. BROWNE, PLAINTIFF-RESPONDENT, v. BAYONNE TRUST COMPANY, INDIVIDUALLY, ETC., DEFENDANT-APPELLANT.

Submitted May 14, 1937—Decided July 13, 1937.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Roberson & Roberson.*

For the respondent, *Edward De Sevo (James A. McTague,* of counsel).

LLOYD, J. The appeal is from a judgment in favor of the plaintiff in the Second District Court of Hudson county. The action is based on a clause in the will of one John Eagen reading as follows:

"I direct that my just debts and funeral expenses be paid

by my executor as soon as convenient after my death. I direct my executor to employ John P. Browne, if he is living, to conduct my funeral."

Instead of employing Browne, a daughter arranged the funeral of the deceased, employing another undertaker for the purpose; the executor knowing of the fact but raising no objection.

The theory of the case seems to be that there was a duty imposed on the trust company as executor from the performance of which duty Browne would obtain a profit.

It is to be noted that while the action is against the trust company both as executor and as an individual, the judgment is against it as an individual only. It is quite clear we think that if complaint is made of the company acting as executor the remedy must be sought through the Orphans Court or the Court of Chancery, but it is not that. It is against the company for failure to carry out an obligation which the plaintiff contends the will imposed and which left the plaintiff in the position of losing the benefit of the quoted provision in the will.

There is authority for the proposition that the daughter, the next of kin, was legally entitled to dispose of the body by such agency as she might choose, and this disregarding the will. 17 *C. J.* 1138, ¶ 3; *p.* 1139, ¶ 5. We think it unnecessary, however, to rest our conclusion on this view of the law.

In our view the will was not a legacy in favor of the respondent, nor did it establish any rights for his benefit. It was simply a direction to the executor in which the respondent had no interest or legal right. See *Toppin* v. *Moriarity,* 59 *N. J. Eq.* 115.

The respondent, however, raises certain objections to the status of the appeal, contending that the legal points are not adequately raised.

We think otherwise. Motions for nonsuit and direction of a verdict in favor of the defendant were duly made and adequately based on the reasons here alleged for reversal. The rulings thereon are therefore properly before us. *Biczis* v. *Public Service,* 115 *N. J. L.* 407, and cases cited.

The judgment is reversed, with costs.