EDMUND S. HERSH et al., executors and trustees, &c., complainants-respondents,

*v.*

DOROTHY HERSH ROSENSOHN, individually and as executrix, &c., et al., defendants-appellants.

[Submitted October term, 1939.   Decided January 25, 1940.]

*Messrs. Whittemore & McLean (Mr. Clark McK. Whittemore, of counsel), for the complainants-respondents.*

*Mr. Samuel Koestler (Mr. Melvin J. Koestler, of counsel), for the defendants-appellants.*

*Mr. Martin P. O'Connor,* for the defendants-respondents Gladys Hersh and Edmund S. Hersh.

PER CURIAM.

The chancery decree in this cause, advised by Vice-Chancellor Stein, is affirmed, for the reasons expressed by him in his opinion reported in *125 N. J. Eq. 1; 5 Atl. Rep. (2d) 877.*

One matter, however, should receive some mention. The bill was filed by two out of three of the executors and trustees of the last will and testament of Louis F. Hersh, deceased; the one, a son of the decedent; the other, the Union County Trust Company, a banking corporation of this state. The third of these executors and trustees, Dorothy H. Rosensohn, a daughter of the testator, did not join in the bill and, consequently, was made a defendant. Among other requests for instructions sought was whether the employment of James Rosensohn as superintendent of the real estate was mandatory on the trustees or discretionary. Rosensohn, a defendant, is the husband of the trustee who did not join in the bill filed by her co-executors and trustees.

After the fourteenth paragraph of the will we find the testator's wishes in this particular expressed under the heading "Note"—"It is my will and desire that my trustees shall employ my son-in-law, James Rosensohn, as Superintendent of my said real estate, including Hersh Towers, and as agent for the collection of all rents, for so long a period as he shall perform his duties to their satisfaction, and that he shall be paid the sum of eighty ($80.00) per week for his services." The court held that the employment of Rosensohn was neither mandatory nor exclusive and that it could be terminated by action of the majority of the executors. Now while the general rule is that trustees must act as a unit and that where, as here, there are several co-trustees, they all form as it were one collective trustee (*Cf. Perry Trusts* §§ *411, 413, 421; Daybill* v. *Lucas, 121 N. J. Eq. 143, 146;* and this has been the general rule from early days; *Holcomb* v. *Executors of Holcomb, 11 N. J. Eq. 281, 286;* see, also, *Holcomb* v. *Holcomb, Ibid. 476, 481*), yet where, as here, it was the intention of the settlor or testator that a majority of the named trustees may act, that intention is controlling. Implicit in the "Note" quoted above, it will be perceived that "it was the will and desire" of the testator that James Rosensohn should be so employed but the testator makes it clear that the employment shall be for only so long as Rosensohn shall perform his duties to *their* satisfaction. Strictly speaking therefore, it could be argued that if one trustee was dis-

satisfied with Rosensohn's services he could not be kept on as superintendent. But we do not think so close a construction is a reasonable one. It could lead to rare confusion and serious loss to the estate. The better construction is that the testator intended that the trustees should act by a majority in this particular.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.