C. Theodor Herrmann administrator with the will annexed of Henry V. Herrmann, deceased, filed his account to which Grace C. Herrmann took exception. The matter was referred to a master who filed his report to which report the administrator filed exceptions and which exceptions the court overruled. (See In reHerrmann, 127 N.J. Eq. 65; 12 Atl. *Page 274 Rep. 2d 145; affirmed, 127 N.J. Eq. 84; 11 Atl. Rep.
2d 79.) Pending appeal from that decree to the Court of Errors and Appeals, Grace C. Herrmann filed the petition now before the court for the removal of C. Theodor Herrmann as administrator, based upon evidence of his mismanagement of the estate adduced at the hearing before the master.
In his answer to the petition the administrator disputes the right of Grace C. Herrmann to maintain her petition upon the ground that she is not an "interested person" within the purview of R.S. 3:12-4 (c) because the gift to her under the will of Henry V. Herrmann contravenes the rule against perpetuities and is invalid.
The tenth clause of the will reads as follows:
"All the rest, residue and remainder of my estate, real and personal, of which I may die seized or possessed, or to which I may be entitled at the time of my decease, of whatsoever nature and description, and wheresoever situated, I do give, devise and bequeath unto my executors hereinafter named, in trust nevertheless, and for the following uses and purposes, that is to say: That they shall collect and receive the rents, interest and income arising therefrom, and after paying therefrom and thereout all taxes, assessments, water rents, charges and expenses of every kind and description connected with the protection and management thereof, they shall pay the residue of said rents, interest and income unto my brother C. Theodor Herrmann, during his natural life, and upon his death —
"(1) In the event that my said brother C. Theodor Herrmann shall leave a child or children him surviving, then I direct my said executors to divide the said rest, residue and remainder of my estate so held in trust for the benefit of my said brother C. Theodor Herrmann, into as many equal shares as there are children of my said brother living at the time of his decease, and to set apart one of such shares for each child of my said brother living at the time of his decease, and to collect and receive the rents, interest and income arising from such share, and after paying therefrom and thereout all taxes, assessments, water rents, charges and expenses of every kind and description connected with the protection and management of said share, they shall pay the residue of said rents, interest and income unto the child of my said brother for whose benefit the said share shall have been so set apart, during his or her natural life, and upon the death of the child for whose benefit the said share shall have been so set apart, my said executors shall pay over the principal of the said share unto the issue of the said child for whose benefit the said share shall have been so set apart, to be divided equally among such issue, share and share alike, for their own use and benefit, absolutely and forever; and in default of such issue then living, then the principal *Page 275 
of said share shall be paid over unto the surviving brothers and sisters of such deceased child, and the issue of any deceased brothers and sisters of such deceased child, share and share alike, for their own use and benefit, absolutely and forever; such issue, however, to take the share which the parent would have taken if living; and if there be no brother or sister of such deceased child, or issue of any deceased brother or sister of such deceased child, then living, then the principal of said share shall be paid over as follows, viz.: Unto Alfred S. Brown, of the city of New York, the sum of ten thousand dollars thereof, and to Frederick Feibel, of Jersey City Heights, New Jersey, the sum of ten thousand dollars thereof; and all the rest, residue and remainder thereof unto Grace Cranstoun Herrmann, wife of the said C. Theodor Herrmann, for her own use and benefit absolutely and forever.
"(2) In the event that my said brother C. Theodor Herrmann shall not leave any child or children him surviving, then, upon his decease, I do give, devise and bequeath the said rest, residue and remainder of my estate so held in trust for his benefit, as follows: Unto Alfred S. Brown, of the city of New York, the sum of ten thousand dollars thereof, and unto Frederick Feibel, of Jersey City Heights, New Jersey, the sum of ten thousand dollars thereof; and all the rest, residue and remainder thereof unto Grace Cranstoun Herrmann, wife of the said C. Theodor Herrmann, for her own use and benefit absolutely and forever."
This same clause of the will was previously before this court for construction. Herrmann v. Herrmann, 103 N.J. Eq. 113;142 Atl. Rep. 414; affirmed, 104 N.J. Eq. 198; 144 Atl. Rep. 918. In that case the court only considered the interests of C. Theodor Herrmann and his children, Gladys and Victor, who were living at testator's death. It was there held that the devise to C. Theodor is for life only and that the life estates of Gladys and Victor became vested upon the death of testator. The remaining provisions of this clause the court refused to consider since there was no present necessity therefor. In the instant matter the question presented for determination makes it necessary to further consider the provisions of this clause.
The will directs that the income from the residuary estate be paid to C. Theodor for life and that upon his death the residuary estate be divided into as many shares as there are children of his living at his death, and that the income of each share be paid to the child for whom the share is set apart for life; that upon such child's death the principal be *Page 276 
paid to the issue of such child, or in default of issue, to the survivor, and if there be no survivor or issue of survivor, then to Grace C. Herrmann.
It is contended that the direction in the will to divide the principal into shares for all the children of C. Theodor which would include children who might be born after testator's death, renders the remainders over to their issue void as well as the remainder over to Grace C. Herrmann, failing issue, because such remainders would depend upon lives not in being at testator's death and therefore violate the rule against perpetuities.
The direction in the will that upon the death of C. Theodor the residue be divided into as many shares as there are children of his living at his death constitutes each of these shares a separate trust. As to the shares of the children living at testator's death, the remainders over are clearly good. There is a suspension for two lives in being at testator's death (Herrmann v. Herrmann, supra), and the vesting in the issue (if any), occurs upon the termination of the second life estate. True, children might be born to C. Theodor after testator's death but this is of no present concern and need not now be considered. The validity of each trust depends solely upon its own terms, not upon the validity of the others. What was said in the case ofMount, 185 N.Y. 162, cited in Herrmann v. Herrmann, supra, and approved by the Court of Errors and Appeals, supra, is seemingly appropriate in the instant case. "* * * If the trust was to continue in solido for the benefit of all the nephew's children who might survive their grandaunt, it would be void, not only because it might depend on lives not in being at the death of the testatrix, but also because its continuance might last over a greater number of lives than that prescribed by the statute. But on the death of the sister, the corpus is to be divided into several shares according to the number of children the nephew may then have, including the issue of any deceased child. The trust as to each share terminates with the life of the beneficiary. Therefore, as to the share of a child of the testatrix' nephew living at her death, the suspension is for two lives authorized by statute, to wit, the *Page 277 
testatrix' sister, and the equitable life tenant of the particular share. It matters not that the whole corpus is not released at the termination of any two specified lives. An entire estate may be held in trust for one beneficiary for life, and on his death may then be divided into shares, each of which may be held in trust for a second separate life [citing cases]. It is not at all necessary that the testator create a single trust in a single piece of property. He may create separate trusts in undivided interests. The validity of each of such trusts is dependent solely on its terms and not on the fate or validity of the others. If, therefore, the nephew should have children born after the testatrix' death and surviving her sister, their existence would serve to cut down the shares to be held in trust for the children living at the testatrix' decease. But we do not see how the invalidity of the testamentary disposition in favor of such after-born children can affect the legality of the trust in favor of the existing children."
The gift to Grace C. Herrmann as the last remainderman falls into a different class than the gifts to the issue of C. Theodor's children. The gift to her becomes vested upon the death of the testator subject to being divested upon the happening of the contingency mentioned in the will (Van Dyke's Adm'r v.Vanderpool's Adm'r, 14 N.J. Eq. 198), while the gifts to the children's issue do not become vested until the termination of the previous life estate, their right to same being dependent upon their being alive at that time.
In Van Dyke's Adm'r v. Vanderpool's Adm'r, supra, the testator directed his executor to invest the sum of $5,000, and to pay the interest arising therefrom to Maria V.D. Gough during her life, and if the said Maria should die leaving a child or children, then to pay the principal to such child or children, share and share alike; and if no child of the said Maria should be living, but grandchildren, then to pay over the said sum to such grandchildren equally, but if the said Maria should die leaving no child or grandchildren, then to pay over the said sum to James V. Vanderpool, William Vanderpool and Maria Van Dyke, and their heirs and assigns, share and share alike. It was held that the bequest to the last three named persons vested in them upon the testator's *Page 278 
death, subject to being divested upon the happening of the contingency. Said the court (at p. 206): "The fact, that in the disposition of that portion of the fund now in controversy there is an immediate gift of the fund upon a contingency between the life estate to Maria Van Dyke Gough and the final disposition of the fund, does not affect the interest of the last taker or prevent the vesting of the legacy. If such be the apparent intent of the testator, the gift in such cases vests, subject to be divested upon the happening of the contingency. The fact that the enjoyment is uncertain never interferes with the vesting of an estate. Where the contingency is not in the person, but in the event or in the time of the enjoyment, the interest is vested." See, also, Meirs v. Persons, 92 N.J. Eq. 17;111 Atl. Rep. 638.
Grace C. Herrmann having a present vested interest in the estate subject to being divested upon the happening of any of the contingencies mentioned in the will, makes her an "interested person" within the meaning of the statute.
The evidence produced upon the hearing (see In re Herrmann,supra), supports the conclusion that C. Theodor Herrmann is unfit to longer continue as administrator of the estate. The proof in that case was that among other things he used $2,800 of the corpus to which he was not entitled; that he kept no books, and generally speaking abused the trust and confidence reposed in him.
I will advise an order removing the administrator from office. *Page 279