In the matter of the estate of HENRY V. HERRMANN, deceased.

[Submitted May term, 1942. Decided October 15th, 1942.]

*Mr. Alfred C. Clapp,* for the appellant.

*Mr. Ralph W. Emerson,* for the petitioner-respondent.

*Mr. George R. Jackson,* for the respondent U. S. Fidelity and Guaranty Company.

PER CURIAM.

The appellant, C. Theodor Herrmann, administrator with the will annexed of the estate of Henry V. Herrmann, appeals from an order of the Ordinary in the Prerogative Court, removing appellant from his office as such administrator. The petition for removal was made by the respondent Grace C. Herrmann, appellant's divorced wife and a purported beneficiary of future interests under the will.

Appellant contends that the petitioner has no standing in court for the reason that she is not a party in interest under the will because the provisions thereof under which she claims her interest are in violation of the rule against perpetuities. The removal of the administrator was sought upon alleged misconduct in the management of the estate, the facts and evidence of such misconduct having been adduced upon a hearing before a master to whom had been referred the account filed by the administrator and exceptions thereto. The master filed his report setting forth the acts of the administrator justifying his removal from the office. Exceptions to the report were filed and overruled. The Vice-Ordinary found that the evidence supported the conclusion that the administrator was unfit longer to continue in his office; that he used funds of the *corpus* to which he wasn't entitled; that he kept no books, "and generally speaking abused the trust and confidence reposed in him." The order of removal followed.

In the removal proceedings the Vice-Ordinary considered the contention of the appellant relative to the alleged lack of interest of the petitioner under the will, sufficient to entitle

her to petition for his removal, and found in favor of the petitioner upon that point. We are of the opinion that it was not necessary to determine the standing of the petitioner, which involved a construction of the will, in order to remove the administrator. The proof of his misconduct was sufficient to justify his removal on the court's own motion, irrespective of petitioner's interest. The order appealed from will be affirmed, to the extent that the removal of the administrator was within the inherent power of the court under the circumstances, irrespective of the status of petitioner. Our opinion as to the findings of the court relating to the interest of the petitioner and the construction of the will is specifically reserved as unnecessary to a determination of the validity of the removal under the order.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.