14 N.J. Super. 308 (1951)
81 A.2d 818
ROBERT V. CARTON, J. GERARD CARTON, JAMES D. CARTON, JR., F. VICTOR CARTON AND FORMAN T. BAILEY, PARTNERS TRADING AS DURAND, IVINS AND CARTON, PLAINTIFFS,
v.
HOWARD STANLEY BORDEN AND ELEANOR JANE BORDEN, EXECUTORS AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF HOWARD L. BORDEN, DECEASED, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 14, 1951.
*311 Messrs. Durand, Ivins & Carton (Mr. Robert V. Carton appearing), attorneys for plaintiffs.
Mr. Ward Kremer, attorney for defendants.
Mr. Thomas D. Nary, guardian ad litem, pro se.
McLEAN, J.S.C.
This is an action against executors and trustees to compel an accounting, to restrain them from exercising any function of their office and for their removal.
Howard L. Borden, late of Asbury Park, by his will appointed the defendants, his son, Howard Stanley Borden and his daughter-in-law, Eleanor Jane Borden, executors and trustees of his estate. They are the life tenants. The residuary legatees are their children, a son and daughter of full age and a daughter of 15. The plaintiffs are the attorneys who have been acting for the estate.
Two reasons impel me to dismiss the complaint: (1) the plaintiffs have no interest in the subject matter; and (2) the cause properly belongs in the Monmouth County Court, Probate Division.
(1) The statute providing for the removal of a fiduciary for cause provides that the removal shall be on complaint of *312 an interested person. R.S. 3:12-4, subd. c. The plaintiffs claim a sufficient interest to maintain this action by reason of the following provision of the will:
"I further direct that my Executors and Trustees shall retain and employ the firm of Durand, Ivins & Carton, Counsellors at Law, Asbury Park, New Jersey, as attorneys in connection with the administration of my estate and the trust herein established."
Plaintiffs are the attorneys named by the testator in the quoted paragraph. They were employed and have acted as attorneys and proctors for the estate. To maintain this action they must be interested persons. It has long been established law that, "no person can maintain an action respecting a subject matter in respect to which he has no interest, right or duty, either personal or fiduciary." Baxter v. Baxter, 43 N.J. Eq. 82 (Ch. 1887), affirmed 44 N.J. Eq. 298 (E. & A. 1888). Cf. Boyle v. Farmers Loan and Trust Co., 101 Fed. 184 (C.C.A. 5, 1900); Adams v. Mellon, 39 Fed.2d 80, at p. 85 (D.C.N.D. Ill. 1930); Mosig v. Jersey Chiropodists, Inc., 122 N.J. Eq. 382 (Ch. 1937). And this principle has been adopted in our procedural statutes and rules as in R.S. 3:12-4, subd. c, and Rule 5:3-6 here applicable.
Plaintiffs' contention that they have such an interest, having been designated by the testator in his will to serve as attorneys for his estate, finds no support in existing law. By the great weight of authority such a provision is against public policy and does not create a beneficial interest in the estate in favor of the named attorneys. The court will not commit a trust to one person and then require him to accept the services of the attorney; the relationship between attorneys and clients is too personal. Clapp, Wills and Administration, sec. 505, p. 456. Cf. Hersh v. Rosensohn, 125 N.J. Eq. 1 (Ch. 1939), affirmed 127 N.J. Eq. 21 (E. & A. 1939); Woodstown Bank v. Snelbaker, 136 N.J. Eq. 62, at p. 68 (Ch. 1944). The power to limit or control the judgment of the executor is also illustrated in *313 Browne v. Bayonne Trust Co., 118 N.J.L. 396 (Sup. Ct. 1937).
The law of the State of New York does not recognize any testamentary power to control executors in the choice of an attorney or counsel who shall act for them in their representative capacity. They may incur a personal liability for the conduct of their lawyers, and hence they are beyond the control of their testator in making the selection. Such a provision, therefore, as this will contains in reference to the attorney to be employed, is to be regarded merely as an expression of a wish on the part of the testator which it is most proper for the executors to observe, if it accords with their own judgment but which otherwise they are not bound to regard. In re Caldwell, 188 N.Y. 115, 80 N.E. 663 (Sup. Ct. 1907). Such a provision is not a trust and did not create a beneficial interest in the estate in favor of the named attorney; the clause is merely one of suggestion and not of direction or command. In re Thistlethwaite, 104 N.Y. Supp. 264 (Surrog. Ct. 1907). So strongly is this trend of the authorities, even though there be some to the contrary, that the rule is laid down in American and English Encyclopedia of Law (2d ed.), vol. 11, p. 1241, that "The right of the executor to select the attorney whom he would employ in the affairs of the estate cannot be controlled, even by the will of the decedent." In re Wallach, 150 N.Y. Supp. 302 (App. Div. 1914), affirmed 215 N.Y. 622 (Ct. of App. 1915), citing authorities. Cf. 21 Am. Jur. 502.
Hence, I conclude that the plaintiffs do not have an interest in the subject matter nor do they have any right or duty, either personal or fiduciary which entitle them to maintain this action as an interested person under R.S. 3:12-4, subd. c.
(2) Plaintiffs argue that this action may be maintained for the reason that it is brought by them as officers of the court, believing that it is their duty to bring to the court's attention the facts recited in the complaint in order to prevent further dissipation of the principal of the estate and so that steps *314 may be taken to protect the interest of the infant residuary legatee; and that on this ground the cause should not be dismissed and their lack of interest in the subject matter need not be determined, citing In re Herrmann, 132 N.J. Eq. 458 (E. & A. 1942).
There can be no doubt that when a trust is under a court's administration that court may look into any breach of trust and regulate and determine the conduct and loyalty of a trustee on its own motion. It was so in the Herrmann case, supra, in which the opinion of the Court of Errors and Appeals was on the appeal from the removal of the administrator in the Prerogative Court where the estate was being administered and the acts of the fiduciary were being supervised. The facts (see In re Herrmann, 130 N.J. Eq. 273 (Prerog. 1941)) were these: C. Theodor Herrmann, administrator with the will annexed of Henry V. Herrmann, deceased, filed his account to which Grace C. Herrmann took exception. The matter was referred to a master who filed his report, to which report the administrator filed exceptions and which exceptions the court overruled. (See In re Herrmann, 127 N.J. Eq. 65; 12 A.2d 145 (Prerog. 1939), affirmed 127 N.J. Eq. 84, 11 A.2d 79 (E. & A. 1939)).
Pending appeal from that decree to the Court of Errors and Appeals, Grace C. Herrmann filed a petition for the removal of C. Theodor Herrmann as administrator, based upon evidence of his mismanagement of the estate adduced at the hearing before the master.
In his answer to the petition the administrator disputed the right of Grace C. Herrmann to maintain her petition upon the ground that she was not an "interested person within the purview of R.S. 3:12-4, subd. c, because the gift to her under the will of Henry V. Herrmann contravenes the rule against perpetuities and is invalid."
In a previous construction of the will the vice-ordinary had refused to consider such provisions as might affect the petitioner whereby she would become an interested person since there was no present necessity therefore, but he considered *315 that in the instant matter the question presented for determination made it necessary for him to further consider the provisions of the clause, which he proceeded to do, concluding that: "Grace C. Herrmann having a present vested interest in the estate subject to being divested upon the happening of any of the contingencies mentioned in the will makes her an `interested person' within the meaning of the statute." And having so determined and being satisfied that the evidence of the administrator's mismanagement of the estate justified it, an order for the removal of the administrator was entered. From this order the administrator appealed.
The Court of Errors and Appeals sustained the removal of the administrator, and held that to remove him it was not necessary to determine the standing of the petitioner, which involved a construction of the will; that the proof of the administrator's misconduct was sufficient to justify his removal by the court on its own motion in the exercise of its inherent power, irrespective of petitioner's interest. The purpose of the court is indicated in the comment which follows: "Our opinion as to the findings of the court relating to the interest of the petitioner and the construction of the will is specifically reserved as unnecessary to a determination of the validity of the removal under the order." To have held otherwise the court would have in effect prejudged issues subject to appeal concerning the final distribution of the estate. However, the purpose of the court to confine the consideration of meritorious issues to appropriate proceedings does not detract from the significance of the rule that a court may on its own motion remove a fiduciary acting under its supervision for dereliction of duty. But this does not mean that the provisions and purposes of R.S. 3:12-4, subd. c may be disregarded and that an investigation into the affairs of any estate may be instigated by other than an interested person.
The proper court for the determination of the matters here involved is the county court of Monmouth County where the will was probated and letters were issued and the activities *316 of the fiduciaries are being supervised, R.S. 3:12-4, that court having succeeded to the jurisdiction of the Orphans' Court, Const. 1947, Art. VI, sec. IV, par. 1. The first step for determining the issues would be an accounting, which may be compelled in the county court in a summary manner on complaint of any interested person. Rule 5:3-6. Compare Rules 3:88 and 3:89 which apply to the probate of wills and administration of estates in the Superior Court.
The effect of the dismissal of the cause in relation to the criticism of use of estate monies for the purchase of a home at Spring Lake has been considered and the evidence convinces me that the trustees were acting in good faith, with full knowledge and approval of the beneficiaries, and that if the case were considered on the merits the transactions would be approved. Hence, the interest of the estate cannot be adversely affected by a dismissal.
I find no merit in the suggestion that the cause should not be dismissed because a guardian ad litem is concerned for an infant. A guardian ad litem is an officer of the court appointed for the protection of the infant in the cause in which he is designated. His activities may be terminated in the discretion of the court as in this case. The interest of the infant can be protected in the county court by the appointment of a guardian for her estate.
The complaint will be dismissed without prejudice to a determination on the merits by appropriate action in the county court of Monmouth County.