## In re MARKS' WILL.

County Judge's Court, Palm Beach County.

July 20, 1954.

E. Albert Pallot and Redfearn & Ferrell, all of Miami, for petitioner.

Phil D. O'Connell, West Palm Beach, for administratrix.

RICHARD P. ROBBINS, County Judge.

This cause came on before me on the petition of E. Albert Pallot for an order appointing him as the attorney to represent the estate of Samuel B. Marks, deceased, and the answer of Sylvia M. Friedlander, requesting that the court instruct her as administratrix with the will annexed, of said estate, as to whether she has the right to appoint an attorney of her own choice to represent her as such administratrix cum testamento annexo.

In paragraph XIII, page 8, of the last will and testament of the deceased it is provided—"I direct that E. Albert Pallot of Miami, Florida, act as the attorney for my Executrix, Trustees and Guardians." By the terms of his will Mr. Marks nominated his wife as executrix and the Chemical Bank & Trust Co. of N. Y. as the successor-executor in the event of her death or disqualification. His wife predeceased him and the Chemical Bank & Trust Co. was not qualified under the laws of Florida to act as Executor, consequently the respondent, Sylvia M. Friedlander, daughter and one of the next of kin of deceased, was appointed administratrix c.t.a.

The pleadings aforesaid present questions which seem to be of first impression in Florida. They may be stated as follows—

(1) Does the provision in the will directing the employment of the petitioner as the attorney to represent the estate give him a sufficient interest to maintain the petition? (2) If so, is the direction binding on the administratrix to use the services of said attorney in her representative capacity as administratrix of the estate?

It is my opinion that both questions should be answered in the negative. In a well considered case before the chancery division of the superior court of New Jersey, Carton v. Borden, 81 Atl. 2d 818, the plaintiffs were denied the right to maintain an action for reasonable attorneys' fees by virtue of such a provision in the will. In that case the court said—

> The plaintiffs claim a sufficient interest to maintain this action by reason of the following provision of the will: "I further direct that my Executors and Trustees shall retain and employ the firm of Durand, Ivins & Carton, Counselors at Law, Asbury Park, New Jersey, as attorneys in connection with the administration of my estate and the trust herein established." * * *

> It has long been established law that, "no person can maintain an action respecting a subject matter, in respect to which he has no interest, right or duty, either personal or fiduciary." Baxter v. Baxter, 43 N. J. Eq. 82, 10 A. 814, 816 (Ch. 1887), affirmed 44 N. J. Eq. 298, 18 A. 80 (E. & A. 1888). Cf. Boyle v. Farmers Loan & Trust Co., 101 F. 184 (C. A. A. 5, 1900); Adams v. Mellon, 39 F. 2d 80, at page 85 (D. C. N. D. Ill. 1930); Mosig v. Jersey Chiropodists, Inc., 122 N. J. Eq. 382, 194 A. 248 (Ch. 1937). * * *

> Plaintiffs' contention that they have such an interest, having been designated by the testator in his will to serve as attorneys for his estate, finds no support in existing law. By the great weight of authority such a provision is against public policy and does not create a beneficial interest in the estate in favor of the named attorneys. The court will not commit a trust to one person and then require him to accept the services of the attorney; the relationship between attorney and client is too personal. Clapp, Wills and Administration, sec. 505, p. 456. Cf. Hersh v. Rosensohn, 125 N. J. Eq. 1, 3 A. 2d 877 (Ch. 1939), affirmed 127 N. J. Eq. 21, 11 A. 2d 75 (E. & A. 1939); Woodstown National Bank & Trust Co. v. Snelbaker, 136 N. J. Eq. 62, at page 68, 40 A. 2d 222 (Ch. 1944).

In the Lifetime Edition of Page on Wills, vol. 1, page 108, section 49, the author says—

> Occasionally provisions are found in a will by which a testator directs the executor, trustee or the like to employ some designated person either as attorney or in some other capacity. If the executor . . . does not wish to employ such person, a question is presented whether such provision is testamentary in character, giving a legacy to such designated person in return for his services, or otherwise binding the executor . . . to employ him and to pay him; or whether, on the other hand, it is an unenforceable direction to the executor . . .

The question was first presented in England in a will by which the testator directed that A be appointed receiver of testator's real and personal estate, and. that he act as solicitor for all of the parties in the chancery proceeding. This provision was assumed to be valid and binding; the only question raised being with reference to the security which A should give. In a later case the will provided "I declare that my solicitor (A) shall be the solicitor of my estate and to my said trustee." The trustees were about to remove A and appoint B. A moved to enjoin the trustees from such action. The court held that there was no duty in favor of A which could be enforced.

And further in section 49 at page 109 it is stated—

In the United States, a provision in the will selecting a certain person as attorney is generally held not to be binding. This result is generally reached on the theory that the provision is merely advisory, although the language which is used frequently sounds quite mandatory. In some of the cases stress is laid on the fact that the executor is personally liable for the management of the estate; and that he ought not to be bound to accept an attorney whom he does not select. It has also been said that there is "no testamentary power to control executors in the choice of . . . attorneys."

In Lachmund v. Moody, 170 Pac. 2d 748, the Supreme Court of Oregon followed the rule announced by Page, saying—"The will contained the words 'I direct that Ralph E. Moody . . . be selected as the attorney for my executors.' The general rule is that even when such words as 'direct,' 'command' or 'appoint' are employed in such connection, the provision should not be deemed to be testamentary in character, and the executor is not bound to employ the attorney named by the testator."

The Supreme Court of Kentucky in Robinson's Ex'rs v. Robinson, 179 S. W. 2d 866, confirming a former ruling of that court said at page 869—

An executor is entitled to counsel of his own choice whose fee should be paid out of the estate. It would appear that this rule is supported by the great weight of authority and that a provision in the will naming the attorney the executor shall employ is not necessarily binding and may be disregarded by the executor. 21 Am. Jur. sec. 232, p. 502; In re Ogier's Estate, 101 Cal. 381, 35 P. 900, 40 Am. St. Rep. 61; Young v. Alexander, 16 Lea 108, 34 Tenn. 108; In re Pickett's Will, 49 Or. 127, 89 P. 377; Hughes v. Hiscox, 105 Misc. 521, 174 N.Y.S. 564; Vicksburg Public Library v. First Nat. Bank & Trust Co., 168 Miss. 88, 150 So. 755; In re Wallach, 164 App. Div. 600, 150 N.Y.S. 302, affirmed 215 N. Y. 622, 109 N. E. 1094.

The petitioner relies principally upon decisions from the state of Louisiana to sustain his position, the last cited of which is Rivet v. Batistella (La.), 120 So. 289, in which the testator died leaving. a will in which he designated an attorney who brought a

suit against the widow and heirs to recover from them the amount of fees to which he would have been entitled had the provisions of the will been carried out in regard to his employment. He was awarded a fee, part of which was affirmed by the Supreme Court of that state, the court saying—"There is nothing contrary to good morals in such a designation, and there is no law which forbids it. It is certainly not contrary to any public policy of the state, for it introduces no new tenures unknown to the law, but merely designates the method and channel through which the estate shall be settled and turned over to the beneficiaries under the will ... And, moreover, the legislature has expressly recognized that such a designation is not contrary to the public policy of the state, by making such designations binding upon *banks* when appointed executors or trustees." And so it is to be noted that the Supreme Court of Louisiana observed that the legislature by making such designations binding upon banks, had recognized that they were not contrary to the public policy of that state. See 166 A. L. R. 493.

It is my conclusion that this court is not empowered to direct the administratrix to employ an attorney not of her choice even though the testator directed in his will that he be so engaged, further that the designated attorney has no interest in the estate sufficient to maintain the petition he has filed. It is therefore ordered and adjudged that the petition of E. Albert Pallot to be appointed as attorney to represent the estate of Samuel B. Marks, deceased, be and the same is hereby dismissed at the cost of the petitioner and that the administratrix proceed to secure the services of an attorney of her own selection to represent her in her fiduciary capacity as such personal representative.